UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

                                          Hearing Date: April 2, 2013
                                          Hearing Time: 10:00am
                                          Chapter 11
                                          Case No. 12-46321(ESS)

In re:                                     NOTICE OF MOTION

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC,


------------------------------------------------------------------X

PLEASE TAKE NOTICE that upon the annexed application, Alla Kachan, Esq. of

the Law Offices of Alla Kachan, P.C., will move the Honorable Elizabeth S. Stong,

United States Bankruptcy Judge, in the United States Bankruptcy Court, 271

Cadman Plaza East, Brooklyn, New York, 11201, **on April 2, 2013 at 10:00 a.m.,** or

as soon thereafter as counsel can be heard, for an order, substantially in the form

annexed hereto: (a) pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), directing Emmons-Sheepshead Bay

Development LLC , the above-captioned Debtor (the "Debtor"), as well as Emmons

Avenue, LLC, Jacob Pinson, and T.D. Bank N.A., (hereinafter the Examination

Parties) 1) to produce the documents set forth in schedule A of the Motion on or

before April 10, 2013. 2) to appear for an examination on a date to be set by this

court and to answer any and all questions relating to: (i) the acts, conduct or property

or to the liabilities and financial condition of the Debtor's estate, or (ii) any matter

which may affect the administration of the Debtor's estate, or (iii) any matter which

may affect the confirmation of the Debtor's Plan of Reorganization PLEASE TAKE

FURTHER NOTICE that any responsive papers should be filed with the Court and

served on the Law Offices of Alla Kachan, P.C., 415 Brighton Beach Ave., Brooklyn,

NY, 11235, no later than seven (7) business days prior to the return date of the

motion.  Such papers shall conform to the Federal Rules of Civil Procedure and

identify the party on whose behalf the papers are submitted, the nature of the

response, and the basis for such response.


Brooklyn, New York
February 28, 2013


Law Offices of Alla Kachan, P.C.
By: _____
    Alla Kachan, Esq
    415 Brighton Beach Ave.
    Brooklyn, New York
    11235
    Tel. No. (718) 513-3145
    Fax No. (347) 342-3156

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

Hearing Date: April 2, 2013
Hearing Time: 10:00am
Chapter 11
Case No. 12-46321(ESS)

In re:

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC,


-------------------------------------------------------------------X

## MOTION OF CREDITORS ALBERT WILK D/B/A WILK RE, ALEX DIKMAN AND METROPOLITAN ESTATES, PURSUANT TO BANKRUPTCY RULE 2004, FOR AN ORDER DIRECTING THE EXAMINATION OF THE DEBTOR, EMMONS AVENUE LLC, JACOB PINSON AND TD BANK, N.A.

TO:    THE HONORABLE ELIZABETH S. STONG,
       UNITED STATES BANKRUPTCY JUDGE:

Alla Kachan, of Law Offices of Alla Kachan, P.C. on behalf of creditors Albert

Wilk D/B/A Wilk RE, Alex Dikman, and Metropolitan Estates, Inc.(all references to

Metropolitan herein shall include Dikman and Wilk individually) submits this motion

(the "Motion") for an order, substantially in the form annexed hereto: (a) pursuant to

Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

directing Emmons-Sheepshead Bay Development, LLC , the above-captioned Debtor

(the "Debtor"), as well as Emmons Avenue, LLC, Jacob Pinson, and T.D. Bank N.A.,

(hereinafter the Examination Parties)  to produce the documents set forth in the Exhibit

A to Motion and to appear for an examination. In support of this motion, Metropolitan,

by their attorney, Alla Kachan, represent and allege as follows:

## INTRODUCTION

11

Emmons Avenue, LLC (hereinafter referred to as "Emmons") is a New York limited liability company with a principal place of business at 1324 President St., Brooklyn, New York. In 2004, Emmons was the owner of real property and improvements located at 3112 Emmons Ave. Brooklyn, NY and are more commonly known as "The Breakers at Sheepshead Bay Condominium". The premises were the only asset owned by Emmons at the time and its' ownership, operation and development was the sole purpose of Emmons as a limited liability company. Emmons-Sheepshead Bay Development, LLC (hereinafter referred to as "Emmons –Sheepshead") is a limited liability company organized under the laws of the State of New York, and having a principal place of business at 22 Seventh Avenue, Brooklyn, NY 11217. Jacob  Pinson a/k/a Yakov Pinson is a member, owner and manager of Emmons-Sheepshead. In October of 2004, additional funds were requested from Wilk for the development of the Premises in Condominiums. Negotiations ensued between Emmons, Wilk, and Dikman of Metropolitan.  As a result of these negotiations an "Amendment to the Operating Agreement for Emmons Avenue LLC" (please see exhibit B) and a subsequent amendment (please see exhibit C) was executed providing for Metropolitan to invest 1,500,000 as an initial investment and to receive a repayment of the initial investment, an additional $1,500,000.00 in profit for a total of $3,000,000 and a 10% ownership interest in Emmons and in the Breakers Condominium.  At the time that the funding was provided by Metropolitan, the total amount of acquisition and construction loans covering the premises was $23,600,000.

Pursuant to the terms of the 2005 Agreement, Metropolitan was to receive all of the proceeds of the sales of units after the sum of $25,500,000 was paid to Commerce Bank (now TD Banknorth) on the acquisition and construction loans. At the time of the 2005 Agreement, the acquisition and construction loans provided a "Minimum Release Price" of 85% of the gross sales price of each unit. In November of 2006, Emmons and Emmons-Sheepshead executed three Mortgage Modification Agreements for each of the three acquisition and construction loans held by what is now TD Bank, changing the minimum release price of each unit to 93% of the gross sales price of each unit. Consent of Metropolitan to these modifications was never obtained. In February of 2007, Emmons executed a new mortgage agreement in connection with its obtaining a new loan in the amount $275,000 from Commerce Bank thereby increasing Emmons' approximate total indebtedness from $23,600,000 to $23,875,000. In June of 2007, Emmons and Emmons-Sheepshead executed a new consolidation loan and thereby increased the indebtedness on the Premises from $23, 875,000 to approximately $27,770,000. The foregoing modifications and increases were never disclosed to Metropolitan and Metropolitan's consent was never obtained. In June of 2007 another building loan was executed by Emmons and Emmons Sheepshead increasing the overall indebtedness on the Premises to $30,810,000.00. Overall, in the course of 2007, the modifications to the original construction and development loans on the premises resulted in an increase of 30% in overall indebtedness. In September of 2007, Emmons conveyed the Premises to Emmons Sheepshead in a non

consideration transfer and not in an ordinary course of business. A subsequent

default on at least two of the loans owed to TD Bank ensued.

## BACKGROUND

1.    On August 30th, 2012 (the "Petition Date"), the Debtor commenced this

case by filing a voluntary Chapter 11 petition (the "Petition") See Doc 1.

2.    On November 7th, 2012, the Debtor, by its' attorneys filed a Notice f Deadline

requiring filing of Proofs of Claim and Proofs of Interest on or Before

December 18, 2012. See Doc 17-1.

3.    On February 1, 2012 the Plan of Reorganization of Emmons-

Sheepshead Bay Development LLC was filed by the Debtor. See Doc 44.

4.    Notice of Motion and Motion for entry of order I) Approving disclosure

statement, fixing time for filing acceptances or rejections of debtor's plan or

reorganization and fixing the time for the confirmation hearing and II) Granting

related relief, was filed by the Debtor on February 1, 2013. See Doc 46-1.

## ARGUMENT

A.    **The Rule 2004 Motion Should Be Granted.**

Bankruptcy Rule 2004(a) provides that upon the motion of a party in interest,

the court may order the examination of an entity regarding the acts, conduct,

property, liabilities or financial condition of the debtor or any matter that may affect

the administration of the estate of the debtor. Courts that have analyzed Bankruptcy

Rule 2004 have recognized the right of a party in interest to conduct a 2004

examination, and the permitted scope of that examination is

extremely broad. See, In re Texaco. Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing in re Johns-Manville Com., 42 B.R. 362 (S.D.N.Y. 1984)). Rule 2004 further permits the Court to order the production of documentary evidence relating to the property and financial condition of debtors, or to any matter that may affect the administration of a debtor's estate. See Fed. R. Bankr. P. 2004(c).

"Good cause" is the standard employed to determine if cause exists to support an examination under Fed.R.Bankr.P 2004. To obtain authority to conduct an examination, the movant must show "some reasonable basis to examine the material ... (and that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." "Generally, good cause is shown if the Rule 2004 examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." See In re Meticom, Inc., 318 B.R. 263, 268 (S.D.N.Y. 2004); also In re Express One Int'l, Inc., 217 B.R. 215, 217 (Bankr. E.D.Tex.1998) (same); In re Hammond, 140 B.R 197, 201 (S.D.Ohio1992) (same); In re Dinubilo, 177 B.R. 932, 943 (E.D.Cal.l993). "However the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." Wilcher, 56 B.R at 434-35. "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." Express One, 217 B.R. at 217. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." Hammond, 140 B.R. at 201.

Metropolitan, by their attorney, Alla Kachan, believe that it is necessary for them to conduct discovery in this matter to obtain detailed information regarding the Debtor's assets , conduct of business, unauthorized modifications of mortgages and a potentially fraudulent transfer which effectively eviscerated Metropolitan's interests.  Specifically, Metropolitan, by their attorney, Alla Kachan, will investigate the Debtor's finances surrounding the operation of his business, its' use of the funds received from Metropolitan, the activities that resulted in Emmons insolvency, payment default and subsequent foreclosure proceedings.  Furthermore, an examination of the financial transactions involving both Emmons and the Debtor, are necessary as they seem to have been controlled at least in part by the same principal, Jacob Pinson and both entities jointly executed the various loan modification documents and the subsequent non consideration transfer of the Premises.  Moreover, Metropolitan will seek an accounting and disclosure from TD Bank N.A. of how the final figures of indebtedness were arrived at.  Similarly, as demonstrated in Exhibit A annexed hereto, the documents sought by Metropolitan relate to efforts verify the Debtor's assets, and examine the financial business transactions conducted at the time of the various unauthorized loan modifications that may have directly affected Metropolitan's legitimate interests. The records and testimony requested seek to examine conduct of the debtor, which if discovered  Consequently, " good cause" exists for the Court to issue an order compelling document production under Federal Rule of Bankruptcy Procedure 2004(c) and 9016, and may directly affect the administration of the Debtor's estate.  Moreover, for the issuance of an order directing the Examination Parties to appear for an examination under Federal Rule of Bankruptcy Procedure 2004. Metropolitan, by its' attorneys, requests that the Court enter the annexed

11

order directing the production of documents set forth in Exhibit A on or before April 10,

2013 and authorizing the United States Trustee to conduct an oral examination of the

Debtors, pursuant to Bankruptcy Rule 2004, to be held at a time set by the court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and for any other reasons

Metropolitan may state on the record at the hearing held in respect of

this Motion, Metropolitan requests that the Court enter an order,

substantially in the form submitted herewith, granting this Motion in its

entirety, and that the Court grant to Metropolitan such other and further

relief as the Court deems just and proper.

Dated: Brooklyn, New York
     February 28, 2013

Respectfully Submitted,
Law Offices of Alla Kachan, P.C.
By: Alla Kachan

415 Brighton Beach Ave., 2nd floor
Brooklyn, NY, 11235

Tel No. (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

                                         Hearing Date: April 2, 2013
                                         Hearing Time: 10:00am
                                         Chapter 11
                                         Case No. 12-46321(ESS)

In re:                                         **ORDER**

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC,

-----------------------------------------------------------------

### ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING THE EXAMINATION OF THE EXAMINATION PARTIES AND FURTHER DIRECTING THE PRODUCTION OF DOCUMENTS

       Upon the hearing held before this Court and the motion (the "Motion") of Alla Kachan, for an order (the "Order") (a) pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the Examination Parties, to produce the documents set forth in Exhibit A to the Motion on or before April 10, 2013, and to appear for an examination at a time set by the court., and good and sufficient service of the Motion having been given; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED, that the Debtor shall produce the documents set forth in Exhibit A to the Motion on or before April 10, 2013, and shall provide the United States Trustee with a written list of documents being provided, and in the event that the Debtor is unable to provide certain documents, the Examining Parties shall provide Metropolitan with a written list of said documents and the reason for the deficiency; and it is further

ORDERED, that pursuant to Bankruptcy Rule 2004, the Debtor shall appear at _____ (the "Examination Date and Place"), or such other date as may be mutually agreed to prior to the Examination Date, to answer any and all questions relating to the acts, conduct or property or to the liabilities and financial condition of the Examination Parties, or to any matter which may affect the administration of the Debtor's estate; and it is further

ORDERED, that if the Examination Date is required to be rescheduled, the Examination Parties shall appear at a new date (the "Rescheduled Examination Date") and time to be scheduled by the Court, after reasonable consultation with the Examination Parties, to answer any and all questions relating to the acts, conduct or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate; and it is further

ORDERED, that the Court shall give the Debtor at least seven (7) days' notice of the Rescheduled Examination Date and that such notice is proper if at least seven (7) days prior to the Rescheduled Examination Date the Court notifies the Debtor of the Rescheduled Examination Date; and it is further

ORDERED, that the examination will continue from day to day, excluding Saturdays, Sundays, all legal holidays, until completed; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation or implementation of

this order.

Dated:  Brooklyn, New York

, 2013

_____

Elizabeth S. Stong

United States Bankruptcy Judge

Exhibit A

## EXHIBIT A - DOCUMENT REQUEST

### DEFINITIONS

"Debtor" shall mean Emmons-Sheepshead Bay Development LLC.

The "Filing Date" shall mean August 30, 2012, the date the Debtor filed a Chapter 11 Voluntary Petition with the United States Bankruptcy Court for the Eastern District of New York. All other definitions shall be those as set forth in Rule 26.3 of the Local Civil Rules for the Eastern District of New York, which provides as follows:

(a) The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b) This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c) The following definitions apply to all discovery requests:

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person

need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d) The following rules of construction apply to all discovery requests:

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.


I. INSTRUCTIONS

1.    This request incorporates by reference and is governed by rules of construction set forth in Rule 26.3 of the Local Civil Rules for the Eastern District of New York.


2.    Unless otherwise agreed, all documents are to be produced in their original form and in the form that they are maintained in the ordinary course of business.

3.    In producing the documents called for by this schedule, you are requested to identify the documents produced according to the number or numbers of the requests herein to which they relate.

4.    Rule 26.2 of the Local Civil Rules for the Eastern District of New York is incorporated by reference herein and governs in the event that any document called for by this schedule is to be withheld on the basis of a claim of privilege.

5.    In the event that any document called for by this schedule has been destroyed or discarded, the document is to be identified by stating: (i) the name and current address of the person who prepared the document and the person to whom it was addressed; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages, and attachments or appendices; and (iv) the persons authorizing and carrying out such destruction or discard.

6.    In the event a document has been removed from the requested files prior to production on grounds other than privilege, identify the document as provided in instruction 5, above, and state the reason for its removal.

7.    This request for production of documents shall be deemed to require supplementation in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

8.    Except as the context of a particular request may otherwise unambiguously require, the singular shall include the plural and the plural shall include the singular.

9.      "Premises" means the real property and improvements thereon at 3112 Emmons Avenue, Brooklyn, New York, also known as Section 26, Block 8815, Lots 1001 through 1147 (formerly known as Lot 86) on the Tax Map of the Borough of Brooklyn, City of New York, also commonly known as "The Breakers at Sheepshead Bay Condominium", and any portion(s) thereof, including, but not limited to any condominium unit(s) thereat.

10. Specific Demands for Documents

All operating agreement(s) of Defendant Emmons Avenue, LLC (hereinafter referred to as "Emmons"), and any and all documents constituting, mentioning, referring to or otherwise relating to any alleged amendment(s), restatement(s) or other modification(s) to said agreement(s).

11. All operating agreement(s) of Debtor Emmons-Sheepshead Bay Development, LLC (hereinafter referred to as "Emmons-Sheepshead"), and any and all documents constituting, mentioning, referring to or otherwise relating to any alleged amendment(s), restatement(s) or other modification(s) to said agreement(s).

12.  All operating agreement(s) of  Emmons Avenue Management, LLC (hereinafter referred to as "Emmons Management"), and any and all documents constituting, mentioning, referring to or otherwise relating to any alleged amendment(s), restatement(s) or other modification(s) to said agreement(s).

13.  All deed(s) for the premises dated at any time between the time that any of the Examining Parties first obtained any ownership interest in the premises, to the present.

14.  All mortgages and mortgage-related promissory notes relating to the premises in

existence at any time between the time that any of the first obtained any ownership interest in the premises to the present.

15. All documents constituting, mentioning, referring to or otherwise relating to any modification(s) or amendment(s) or proposed modification(s) or amendment(s) to any mortgage(s) or mortgage-related promissory note(s) relating to the premises in existence at any time between the time that any of the Examining Parties first obtained an ownership interest in the premises to the date of filing of the petition.

16. All documents constituting, mentioning, referring to or otherwise relating to the conveyance of the premises from Emmons to Emmons-Sheepshead.

17. All documents constituting, mentioning, referring to or otherwise relating to any conveyance of the premises from Emmons-Sheepshead to any other person.

18. All documents constituting, mentioning, referring to or otherwise relating to any prospective conveyance of the premises from Emmons-Sheepshead to any other person.

19. All documents constituting, mentioning, referring to or otherwise relating to any conveyance of the premises.

20. All documents constituting, mentioning or otherwise referring to articles of organization, amendments thereto, restatements thereof and copies of powers of attorney relating to any certificate or amendment of articles or organization of Emmons.

21. All documents constituting, mentioning or otherwise referring to articles of organization, amendments thereto, restatements thereof and copies of powers of

attorney relating to any certificate or amendment of articles or organization of Emmons-Sheepshead.

22. All documents constituting, mentioning or otherwise referring to articles of organization, amendments thereto, restatements thereof and copies of powers of attorney relating to any certificate or amendment of articles or organization of Emmons Management.

23. The federal, New York State, and New York City income tax returns of Emmons for the three most recent fiscal years.

24. The federal, New York State, and New York City income tax returns of Emmons-Sheepshead for the three most recent fiscal years.

25. The federal, New York State, and New York City income tax returns of Emmons Management for the three most recent fiscal years.

26. The federal, New York State, and New York City income tax returns of Emmons from 2004, to the date of filing.

27. The federal, New York State, and New York City income tax returns of Emmons-Sheepshead from 2004, to the date of filing.

27. All financial statements for Emmons for the three most recent fiscal years.

28. All communications, negotiations written or electronic, between Pinson, Emmons and TD Bank N.A from 11/2004 to January 1, 2005.

29. Business legers, copies of all checks and any and all other records evidencing the disbursement of 1,500,000 by Emmons, Pinson or any other person or entity.

30. Accounting by TD Bank N.A. with regard to all acquisition and construction funding

- 6 -

31. All financial statements for Emmons-Sheepshead and Emmons from 2004 through the date of filing.

32. All documents constituting, mentioning or otherwise referring to communications between any of the plaintiffs and any of the defendants occurring at any time between the time any of the defendant first obtained any ownership interest in the premises and the present.

28.    33. All documents constituting, mentioning or otherwise referring to communications between any of the parties to this action and any non-party(ies) to this action referring or relating to the premises, occurring at any time between 2004 and the present.

29.    34. All documents constituting, mentioning or otherwise referring to communications between any of the parties to this action and any non-party(ies) to this action referring or relating to Emmon and/or Emmons-Sheepshead, occurring at any time between 2004 and the present.

30.    35. All documents constituting, mentioning or otherwise referring to communications between any of the parties to this action and any non-party(ies) to this action referring or relating to Emmons Management, occurring at any time between 2004 and the present.

31.    36. All documents constituting, mentioning or otherwise referring to communications between any of the parties to this action referring or relating to the premises and/or Emmons and/or Emmons-Sheepsehead, occurring at any time

between 2004 and the present.

32. All documents constituting, mentioning or otherwise referring to communications between any of the parties to this action referring or relating to the premises and/or Emmons Management occurring at any time between 2004 and the present.

33. All documents constituting, mentioning or otherwise referring or relating to any consideration to Emmons with regard to its conveyance of the premises to Emmons-Sheepshead.

34. All documents constituting, mentioning or otherwise referring or relating to any consideration to Emmons with regard to any conveyance of the premises. All documents constituting, mentioning or otherwise referring or relating to any consideration from Emmons to anyone with regard to any purchase or conveyance of the premises.

35. All documents constituting, mentioning or otherwise referring or relating to any funds (as consideration, loan(s) or otherwise) or any non-monetary benefit(s) received by Emmons relating to the premises

36. All documents constituting, mentioning or otherwise referring or relating to any funds (as consideration, loan(s) or otherwise) or any non-monetary benefit(s) received by any of the individual defendants relating to the premises.

37. All documents constituting, mentioning or otherwise referring or relating to any funds (as consideration, loan(s) or otherwise) or any non-monetary benefit(s) received by any of the individual defendants relating to Emmons

- 8 -

38. All loan agreements entered into by Emmons, including, but not limited to any mortgage loans.

39.     All bank statements, cancelled checks, wire transfer documents and documents constituting, mentioning or referring to any communications relating to any bank account of Emmons-Sheepshead maintained at any time from 2004 to the filing date.

40.     All credit card statements and correspondence relating to any credit card(s) of Emmons-Sheepshead maintained at any time from 2004 to the filing date.

41 All loan agreements entered into by Emmons-Sheepshead, including, but not limited to any mortgage loans.

42. All ledgers, statements of accounts, and other documents referring or relating to income and/or expenditures of Emmons-Sheepshead at any time from 2004 to the filing date.

43. All bank statements, cancelled checks, and correspondence relating to any bank account of Emmons Management maintained at any time from 2004 to the filing date.

44. All credit card statements and correspondence relating to any credit card(s) of Emmons Management maintained at any time from 2004 to the filing date.

45. All ledgers, statements of accounts, and other documents referring or relating to income and/or expenditures of Emmons at any time from 2004 to the filing date.

46. All documents constituting, mentioning or referring to communications between Emmons and any member or purported member of Emmons or Emmons Sheepshead.

47.  All documents mentioning or otherwise referring to any monetary amounts paid or otherwise transferred by any of the defendants to any of the plaintiffs.

48.  All documents mentioning or otherwise referring to any monetary amounts paid or otherwise transferred by any of the defendants to any non-party with regard to the premises or any loan or mortgage related thereto.

50. All documents mentioning or otherwise referring to the disposition of amounts paid to any of the defendants with regard to any and all mortgage loan(s) relating to the premises.

51. All documents mentioning or otherwise referring to the disposition of amounts paid to any of the defendants with regard to any and all sales of condominium units at the premises.

52. All documents mentioning or otherwise referring to any expenditures by any of the defendants with regard to construction at the premises.

53.  All documents mentioning or otherwise referring to any expenditures by any of the defendants with regard to maintenance of the premises.

54.  All documents mentioning or otherwise referring to any income, monies or non-monetary benefits received by any of the defendants relating to the premises.

All documents mentioning or otherwise referring to any mortgage, loan(s) or promissory note(s) relating to the premises.

55.  All documents mentioning or otherwise referring to any income, monies or non-monetary benefits received by any person relating to the premises.

56.  All documents referring or relating to any debts or other liabilities of Emmons and

all documents referring or relating to any debts or other liabilities of Emmons-

Sheepshead.

Dated: Brooklyn, New York
      February 2̶7̶, 2012

Respectfully Submitted,

Alla Kachan,
Law Offices of Alla Kachan, P.C.
415 Brighton Beach Ave., 2nd floor
Brooklyn, New York 11235
Tel. No. (718) 513-3145
Fax No. (347) 342-3156

- 11

Exhibit B

*Original agreement*

Amendment to Operating Agreement for Emmons Avenue LLC dated January 13, 2005.

The parties hereby agree to the following changes to the operating agreement referred to above. All other provisions of the operating agreement shall remain in full force and effect.

Metropolitan Estates Inc. (hereinafter referred to as "Metropolitan") shall contribute $1,500,000.00 to Emmons Avenue LLC (hereinafter referred to as the "LLC") in exchange for its 10% interest.

Metropolitan shall receive as its share of the profits from the LLC the sum of $1,500,000.00 regardless of the actual profits of the LLC.

Upon sale of the units Metropolitan, or any entity or individual it shall designate, shall receive a brokerage commission in the amount of 2% of the sales price of each unit from the 5% commission that Wilk Real Estate Ltd shall receive. Said commission shall be offset against the profits to which Metropolitan is entitle under the operating agreement and this amendment.

*up to 15% of the purchase price*

The parties understand that the acquisition and construction lender is to be paid first from the proceeds of the sale of all units. Upon the completion of the payoff to Commerce Bank of $25,500,000.00. The proceeds from the sales of units, after paying expenses, shall be paid to Metropolitan as a return of principal until $1,500,000.00 has been paid to Metropolitan. Upon the completion of the payoff of the lender Metropolitan may place a lien on 3 units of the LLC's choice in the amount of $1,600,000.00 which shall be removed upon the repayment of Metropolitan's principal investment.

Upon the completion of the repayment of principal to Metropolitan the proceeds from the of sale of units, after payment of expenses, shall be paid to the parties in accordance with its percentage of interest in the profits.

Upon the receipt by Metropolitan of $1,500,000.00 of return of capital and $1,500,000.00 in combination between the sales commission to which it is entitle hereunder and its profit sharing Metropolitan shall not be entitle to any additional payments neither as profit sharing nor as commission. Furthermore, at such time Metropolitan shall relinquish its interest in the LLC to Jacob Pinson (hereinafter referred to as "Pinson") and shall not make any further claims either against the LLC or Pinson.

The parties agree that Wilk Real Estate Ltd. Will have an irrevocable exclusive right to sell the units, as real estate broker, at the premises.

Pinson shall have the right at any time to buy the 10% interest in the LLC owned by Metropolitan for the sum of $3,000,000.00. The payment due for such interest shall be offset by any payment received by Metropolitan whether for principal repayment, profit distribution or the 2% brokerage commission paid to offset profits. Upon such payment Metropolitan shall have no further interest or claim in the LLC or the premises.

**IN WITNESS WHEREOF**, the individuals and entities signing this Agreement below conclusively evidence their agreement to the terms and conditions of this Agreement by so signing this Agreement.

_____
Jacob Pinson

Metropolitan Estates Inc.

By:_____
Alex Dikman

Emmons Avenue Management LLC

By:_____
Jacob Pinson, Manager

Emmons Avenue LLC By
Emmons Avenue Management LLC
its Managing Member

By:_____
Jacob Pinson, Manager

Exhibit C

Amendment to the Agreement made between Emmons Avenue LLC and Metropolitan Estates Inc., on January 13, 2005,

Said agreement provides upon the sale of any of the condominium units by Emmons Avenue LLC, Metropolitan Estates Inc., was to receive a brokerage commission in the amount of 2% of the sale price to be offset against its investment and profits.

On February 12, 2009, Unit 3126-1U sold by Emmons Avenue LLC was sold for a price $1,280,000.00 and Metropolitan Estates Inc., was paid a 4% commission instead of the 2% commission as provided for in our agreement. The parties agree that Metropolitan Estates Inc., will receive 4% brokerage commission on future sales so that its investment may be returned on an expedited basis.

Metropolitan Estates Inc. consents to the payment of the additional 2% brokerage fee and said additional 2% brokerage commission in no shape, manner or form modifies the aforementioned agreement dated January 13, 2005 and all of the terms and conditions of the aforementioned agreement will remain in full force and effect without any modifications thereto.

Dated April ____ 2009

CONSENTED AND AGREED TO
EMMONS AVENUE LLC

By: _____
    Jacob Pinson

    _____
    Jacob Pinson

METROPOLITAN ESTATES INC

By: _____

order directing the production of documents set forth in Exhibit A on or before April 10,

2013 and authorizing the United States Trustee to conduct an oral examination of the

Debtors, pursuant to Bankruptcy Rule 2004, to be held at a time set by the court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and for any other reasons

Metropolitan may state on the record at the hearing held in respect of

this Motion, Metropolitan requests that the Court enter an order,

substantially in the form submitted herewith, granting this Motion in its

entirety, and that the Court grant to Metropolitan such other and further

relief as the Court deems just and proper.


Dated: Brooklyn, New York
      February 27, 2013

                    Respectfully Submitted,
                      Law Offices of Alla Kachan, P.C.
                      By: Alla Kachan


                      415 Brighton Beach Ave., 2nd floor
                      Brooklyn, NY, 11235

                      Tel No. (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

**EMMONS-SHEEPSHEAD BAY
DEVELOPMENT LLC,**

Chapter 11

Case No.:  1-12-46321

Debtor

-----------------------------------------------------X

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK COUNTY OF KINGS:

Salvina Isakov, being duly sworn, deposes and says:

That on the 28th of February, 2013, I deposited a copy of the **Notice of Motion, Motion for a 2004 Examination of Emmons Avenue, LLC and Affirmation in Support of Motion for a 2004 Examination,** enclosed in a first class postpaid wrapper and properly addressed to **ALL PARTIES ON THE ANNEXED SERVICE LIST,** in an official depository under the exclusive care and custody of the U.S. Post Office Department within New York State.

Salvina Isakov

Sworn to before me this
_28_ Day of FEBRUARY 2013

BORIS DAVIDOV
Notary Public, State of New York
No. 01BO6019732
Qualified in Kings County
Commission Expires 02/15/2015

NOTARY PUBLIC

## SERVICE LIST:

A TO Z ALARMS
1558 EAST 10TH STREET
BROOKLYN, NY 11230

ALBERT DAVHEVSKEY
2533 BATCHEIDER STREET
APT_ 3H
BROOKLYN, NY 11235

ALBERT WILK D/B/A WILK RE
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

ALEX DIKMAN
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

CHUTES ENTERPRISES
1011 WESTWOOD AVENUE
STATEN ISLAND, NY 10314
ATIN: ALFRED YARKONY

EK DEVELOPMENT
BALLON STOLL BADER & NADLER P.C.
729 SEVENTH AVENUE
17m FLOOR
NEW YORK, NEW YORK 10019

CON EDISON
P.O. BOX 1702
NEW YORK, NY 10116

HUGH SHULI_ ESQ.
NY CORP. COUNSEL
100 CHURCH STREET
NEW YORK, NY 10007

D.A.J. QUALITY CORP.
C/0 DAVID FISCHMAN
80-03 ROOSEVELT AVENUE, SUITE 202
JACKSON HEIGHTS, NY 11372

PARKWAY REALTY GROUP
1547 PRESIDENT STREET, 1ST FLOOR
BROOKLYN, NY 11213

ILLONA BAKHROMI AND ANDREY CHURKIN
671319TH AVENUE, APARTMENT C3
BROOKLYN, NY 11204

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA PA 19101

JACOB LUNGER
31 ROOSEVELT AVENUE
SPRING VALLEY, NY 10977

JACOB PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

JAMIL EZRA
514 EAST 84TH STREET
NEW YORK, NY 10028

JOSEPH COMFORTI
C/O CHARLES E. BOULBOL
26 BROADWAY, 17TH FLOOR
NEW YORK, NEW YORK 10004

JOSEPH EZRA
160 IVANHOE DRIVE
PARAMUS, NJ 07652

KAMIL SHASHOVA
76 BLUEBERRY DRIVE
CUFFIAKE, NJ 07877

KOOLRITE COOLING CORP.
8821 DITMAS AVENUE
BROOKLYN, NY 11236

LAZER MARBLE & GRANITE CORP.
1053 DAHILL ROAD
BREOOKLYN, NY 11204

MARINA TARTAKOVSKYA LEVIN
115 COLLIER AVENUE
STATEN ISLAND, NY 10312

METROPOLITAN ESTATES, INC
C/O LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
58 SPLIT ROCK ROAD
SYOSSET, NY11791

MORRIS TEPPER
104 S. CENTRAL AVENUE
VALLEY STREAM, NY 11580

CON EDISON
COOPER STATION
P.O. BOX 138
NEW YORK NY 10007

NATIONAL GRID
PO BOX 20690
BROOKLYN, NY 11202

NATIONAL GRID
ONE METROTECH CENTER, 16T
BROOKLYN, NY 11201

NEW YORK STATE DEPARTMENT
BANKRUPTCY/SPECIAL PROCED
P.O. BOX 5300
ALBANY, NY 12205-0300

NYC DEPARTMENT OF FINANCE
ATTN: LEGAL AFFAIRS- DEV
345 ADAMS STREET, 3RD FL
BROOKLYN, NY 11201

NYS DEPT OF TAX AND FINAN
BANKRUPTCY UNIT- TCD
BUILDING 8, ROOM 455
WA HARRIMAN STATE CAMPUS
ALBANY, NEW YORK 12227

NYS UNEMPLOYMENT INSURANC
P.O. BOX 551
ALBANY, NY 12201

OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL
ALBANY, NY 12224

OFFICE OF THE ATTORNEY GENERAL
120 Broadway
New York, NY 10271

POLENA GILERMAN
2855 OCEAN AVENUE
#5C
BROOKLYN, NY 11235

POLENA GILERMAN
3140 EMMONS AVENUE, UNIT 4
BROOKLYN, NY 11235

GRIMMER'S A&B APPLIANCES
1608 CONEY ISLAND AVENUE
BROOKLYN, NY 11230

SAFETY FIRE SPRINKLER CORP.
4616 16TH AVENUE
BROOKLYN, NY 11204

MR. JOHN MURRAY
SEC
NORTHEAST REGIONAL OFFICE
233 BROADWAY
NEW YORK, NY 10279

TO BANKNA
C/0 LYNCH & ASSOCIATES
462 SEVENTH AVE-12TH FL
NEW YORK, NEW YORK 10018
Attn: H. Michael Lynch, Esq./Gary Ravert, Esq.

U.S. SECURITIES AND EXCHANGE
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NEW YORK 10281

UNITED STATES ATTORNEY'S
EASTERN DISTRICT OF NY
ATTN: CIVIL DIV, BANKRUPT
271 CADMAN PLAZA EAST
BROOKLYN, NY 11201

WCC BUILDERS, LLC
501416TH AVENUE
BROOKLYN, NY 11204

YACHAD ENTERPRISES, LLC
1328 PRESIDENT STREET
BROOKLYN, NY 11213

MARY LOU MARTIN, ESQ.
OFFICE OF THE UNITED STATES TRUSTEE
271 CADMAN PLAZA EAST, SUITE 4S29
BROOKLYN, NEW YORK 11201

THE CITY OF NEW YORK
DEPARTMENT OF ENVIRONMENTAL PROTECTION
59-17 JUNCTION BOULEVARD
FLUSHING, NY 11373-5108

EMMONS AVENUE LLC
C/0 JACOB  PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

ROBERT STONE, ESQ.
SHAPIRO & ASSOCIATES, PLLC
3145 CONEY ISLAND AVENUE
BROOKLYN, NY 11235

JEROLD C FEUERSTEIN, ESQ.
KRISS & FEUERSTEIN LLP
360 LEXINGTON AVENUE, SUITE 1200
NEW YORK, NY 10017

RICHARD SHORE
GANFER & SHORE LLP
360 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, N8/I/YORK 10017

SAMUEL LIGHT
1291 PRESIDENT STREET
BROOKLYN NY 11213

ABRAHAM BREUER
404 WOLFSON AVENUE
SPRING VALLEY N.Y.10977

ERIC WEISEDER
510 EAST 84TH STREET
NEW YORK NY 10028

JONATHAN SCHMIDT
440 EAST 62ND STREET
NEW YORK NV 10065

EFFY BAR-MOSHE
25 QUARTZ LANE
GARRETTHEIGHT, PATERSON NJ.07501

OMI CONSTRUGION CO
1411 AVENUE N, #(2
BROOKLYN, NY 11230

M&A PROJECTS INC.
18 DIVISION PLACE
BROOKLYN, NY 11222

AL PAOLUCCI LANDSCAPING
4208 FILLMORE AVENUE
BROOKLYN, NY 11234

ISLAND PLUMBING & HEATING SUPPLY
1956 MCDONALD AVENUE
BROOKLYN, NY 11223

DLR COMMERCIAL CORP.
17 NEW HYDE PARK ROAD
P.O. BOX 533
FRANKLIN SQUARE, NY 11010

MAJESTIC  MOULDING
1327 51st STREET
BROOKLYN, NY 11219

A.Mitchell Greene, ESQ.
Robinson Brog Leinwand
Greene Genovese & Gluck, P.C.
875 Third Avenue
New York, New York 10022

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

**EMMONS-SHEEPSHEAD BAY
DEVELOPMENT LLC,**

Chapter 11

Case No.: 1-12-46321

Debtor

-------------------------------------------------------X

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK COUNTY OF KINGS:

Salvina Isakov, being duly sworn, deposes and says:

That on the 28th of February, 2013, I deposited a copy of the **Notice of Motion, Motion for a 2004 Examination of Emmons Avenue, LLC and Affirmation in Support of Motion for a 2004 Examination**, enclosed in a first class postpaid wrapper and properly addressed to **ALL PARTIES ON THE ANNEXED SERVICE LIST**, in an official depository under the exclusive care and custody of the U.S. Post Office Department within New York State.

_____
Salvina Isakov

Sworn to before me this
28 Day of February 2013

BORISOV ARNOLD
Notary Public, State of New York
No. 01BO6019732
Qualified in Kings County
Commission Expires 02/15/2015

_____
NOTARY PUBLIC

## SERVICE LIST:

A TO Z ALARMS
1558 EAST 10TH STREET
BROOKLYN, NY 11230

ALBERT DAVHEVSKEY
2533 BATCHEIDER STREET
APT_ 3H
BROOKLYN, NY 11235

ALBERT WILK D/B/A WILK RE
C/O LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

ALEX DIKMAN
C/O LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

CHUTES ENTERPRISES
1011 WESTWOOD AVENUE
STATEN ISLAND, NY 10314
ATTN: ALFRED YARKONY

EK DEVELOPMENT
BALLON STOLL BADER & NADLER P.C.
729 SEVENTH AVENUE
17mFLOOR
NEW YORK, NEW YORK 10019

CON EDISON
P.O. BOX 1702
NEW YORK, NY 10116

HUGH SHULL_ ESQ.
NY CORP. COUNSEL
100 CHURCH STREET
NEW YORK, NY 10007

D.AJ. QUALITY CORP.
C/O DAVID FISCHMAN
80-03 ROOSEVELT AVENUE, SUITE 202
JACKSON HEIGHTS, NY 11372

PARKWAY REALTY GROUP
1547 PRESIDENT STREET, 1ST FLOOR
BROOKLYN, NY 11213

ILLONA BAKHROMI AND ANDREY CHURKIN
671319TH AVENUE, APARTMENT C3
BROOKLYN, NY 11204

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA PA 19101

JACOB LUNGER
31 ROOSEVELT AVENUE
SPRING VALLEY, NY 10977

JACOB PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

JAMIL EZRA
514 EAST 84TH STREET
NEW YORK, NY 10028

JOSEPH COMFORTI
C/0 CHARLES E. BOULBOL
26 BROADWAY, 17TH FLOOR
NEW YORK, NEW YORK 10004

JOSEPH EZRA
160 IVANHOE DRIVE
PARAMUS, NJ 07652

KAMIL SHASHOVA
76 BLUEBERRY DRIVE
CUFFIAKE, NJ 07877

KOOLRITE COOLING CORP.
8821 DITMAS AVENUE
BROOKLYN, NY 11236

LAZER MARBLE & GRANITE CORP.
1053 DAHILL ROAD
BREOOKLYN, NY 11204

MARINA TARTAKOVSKYA LEVIN
115 COLLIER AVENUE
STATEN ISLAND, NY 10312

METROPOLITAN ESTATES, INC
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
56 SPLIT ROCK ROAD
SYOSSET, NY11791

MORRIS TEPPER
104 S. CENTRAL AVENUE
VALLEY STREAM, NY 11580

CON EDISON
COOPER STATION
P.O. BOX 138
NEW YORK NY 10007

NATIONAL GRID
PO BOX 20690
BROOKLYN, NY 11202

NATIONAL GRID
ONE METROTECH CENTER, 16T
BROOKLYN, NY 11201

NEW YORK STATE DEPARTMENT
BANKRUPTCY/SPECIAL PROCED
P.O. BOX 5300
ALBANY, NY 12205-0300

NYC DEPARTMENT OF FINANCE
ATTN: LEGAL AFFAIRS- DEV
345 ADAMS STREET, 3RD FL
BROOKLYN, NY 11201

NYS DEPT OF TAX AND FINAN
BANKRUPTCY UNIT- TCD
BUILDING 8, ROOM 455
WA HARRIMAN STATE CAMPUS
ALBANY, NEW YORK 12227

NYS UNEMPLOYMENT INSURANC
P.O. BOX 551
ALBANY, NY 12201

OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL
ALBANY, NY 12224

OFFICE OF THE ATTORNEY GENERAL
120 Broadway
New York, NY 10271

POLENA GILERMAN
2855 OCEAN AVENUE
#SC
BROOKLYN, NY 11235

POLENA GILERMAN
3140 EMMONS AVENUE, UNIT 4
BROOKLYN, NY 11235

GRIMMER'S A&B APPLIANCES
1608 CONEY ISLAND AVENUE
BROOKLYN, NY 11230

SAFETY FIRE SPRINKLER CORP.
4616 16TH AVENUE
BROOKLYN, NY 11204

MR. JOHN MURRAY
SEC
NORTHEAST REGIONAL OFFICE
233 BROADWAY
NEW YORK, NY 10279

TO BANKNA
C/O LYNCH & ASSOCIATES
462 SEVENTH AVE-12TH FL
NEW YORK, NEW YORK 10018
Attn: H. Michael Lynch, Esq./Gary Ravert, Esq.

U.S. SECURITIES AND EXCHANGE
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NEW YORK 10281

UNITED STATES ATTORNEY'S
EASTERN DISTRICT OF NY
ATTN: CIVIL DIV, BANKRUPT
271 CADMAN PLAZA EAST
BROOKLYN, NY 11201

WCC BUILDERS, LLC
S0141 6TH AVENUE
BROOKLYN, NY 11204

YACHAD ENTERPRISES, LLC
1328 PRESIDENT STREET
BROOKLYN, NY 11213

MARY LOU MARTIN, ESQ.
OFFICE OF THE UNITED STATES TRUSTEE
271 CADMAN PLAZA EAST, SUITE 4S29
BROOKLYN, NEW YORK 11201

THE CITY OF NEW YORK
DEPARTMENT OF ENVIRONMENTAL PROTECTION
59-17 JUNCTION BOULEVARD
FLUSHING, NY 11373-5108

EMMONS AVENUE LLC
C/0 JACOB PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

ROBERT STONE, ESQ.
SHAPIRO & ASSOCIATES, PLLC
3145 CONEY ISLAND AVENUE
BROOKLYN, NY 11235

JEROLD C FEUERSTEIN, ESQ.
KRISS & FEUERSTEIN LLP
360 LEXINGTON AVENUE, SUITE 1200
NEW YORK, NY 10017

RICHARD SHORE
GANFER & SHORE LLP
360 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, N8/I/YORK 10017

SAMUEL LIGHT
1291 PRESIDENT STREET
BROOKLYN NY 11213

ABRAHAM BREUER
404 WOLFSON AVENUE
SPRING VALLEY N.Y.10977

ERIC WEISEDER
510 EAST 84TH STREET
NEW YORK NY 10028

JONATHAN SCHMIDT
440 EAST 62ND STREET
NEW YORK NV 10065

EFFY BAR-MOSHE
25 QUARTZ LANE
GARRETTHEIGHT, PATERSON NJ.07501

OMI CONSTRUGION CO
1411 AVENUE N, #(2
BROOKLYN, NY 11230

M&A PROJECTS INC.
18 DIVISION PLACE
BROOKLYN, NY 11222

AL PAOLUCCI LANDSCAPING
4208 FILLMORE AVENUE
BROOKLYN, NY 11234

ISLAND PLUMBING & HEATING SUPPLY
1956 MCDONALD AVENUE
BROOKLYN, NY 11223

DLR COMMERCIAL CORP.
17 NEW HYDE PARK ROAD
P.O. BOX 533
FRANKLIN SQUARE, NY 11010

MAJESTIC MOULDING
1327 51sr STREET
BROOKLYN, NY 11219

A.Mitchell Greene, ESQ.
Robinson Brog Leinwand
Greene Genovese & Gluck, P.C.
875 Third Avenue
New York, New York 10022

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF NEW YORK
-------------------------------------------------X
In re:

**EMMONS-SHEEPSHEAD BAY
DEVELOPMENT LLC,**                                   Chapter 11

                                                    Case No.: 1-12-46321

                        Debtor


-------------------------------------------------X
                                                    **AFFIDAVIT OF SERVICE BY MAIL**


STATE OF NEW YORK COUNTY OF KINGS:

Salvina Isakov, being duly sworn, deposes and says:

That on the 28th of February, 2013, I deposited a copy of the **Notice of Motion, Motion**

**for a 2004 Examination of Jacob Pinson and Affirmation in Support of Motion for a 2004**

**Examination,** enclosed in a first class postpaid wrapper and properly addressed to **ALL**

**PARTIES ON THE ANNEXED SERVICE LIST,** in an official depository under the

exclusive care and custody of the U.S. Post Office Department within New York State.

                                                    Salvina Isakov

Sworn to before me this
28 Day of February 2013
Notary Public, State of New York
No. 01BO6019732
Qualified in Kings County
Commission Expires 02/15/2015
NOTARY PUBLIC

## SERVICE LIST:

A TO Z ALARMS
1558 EAST 10TH STREET
BROOKLYN, NY 11230

ALBERT DAVHEVSKEY
2533 BATCHEIDER STREET
APT_3H
BROOKLYN, NY 11235

ALBERT WILK D/B/A WILK RE
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

ALEX DIKMAN
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

CHUTES ENTERPRISES
10II WESTWOOD AVENUE
STATEN ISLAND, NY 10314
ATIN: ALFRED YARKONY

EK DEVELOPMENT
BALLON STOLL BADER & NADLER P.C.
729 SEVENTH AVENUE
17mFLOOR
NEW YORK, NEW YORK 10019

CON EDISON
P.O. BOX 1702
NEW YORK, NY 10116

HUGH SHULL_ESQ.
NY CORP. COUNSEL
100 CHURCH STREET
NEW YORK, NY 10007

D.AJ. QUALITY CORP.
C/0 DAVID FISCHMAN
80-03 ROOSEVELT AVENUE, SUITE 202
JACKSON HEIGHTS, NY 11372

PARKWAY REALTY GROUP
1547 PRESIDENT STREET, 1ST FLOOR
BROOKLYN, NY 11213

ILLONA BAKHROMI AND ANDREY CHURKIN
6713 19TH AVENUE, APARTMENT C3
BROOKLYN, NY 11204

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA PA 19101

JACOB LUNGER
31 ROOSEVELT AVENUE
SPRING VALLEY, NY 10977

JACOB PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

JAMIL EZRA
514 EAST 84TH STREET
NEW YORK, NY 10028

JOSEPH COMFORTI
C/0 CHARLES E. BOULBOL
26 BROADWAY, 17TH FLOOR
NEW YORK, NEW YORK 10004

JOSEPH EZRA
160 IVANHOE DRIVE
PARAMUS, NJ 07652

KAMIL SHASHOVA
76 BLUEBERRY DRIVE
CUFF/AKE, NJ 07677

KOOLRITE COOLING CORP.
8821 DITMAS AVENUE
BROOKLYN, NY 11236

LAZER MARBLE & GRANITE CORP.
1053 DAHILL ROAD
BREOOKLYN, NY 11204

MARINA TARTAKOVSKYA LEVIN
115 COLLIER AVENUE
STATEN ISLAND, NY 10312

METROPOLITAN ESTATES, INC
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
56 SPLIT ROCK ROAD
SYOSSET, NY 11791

MORRIS TEPPER
104 S. CENTRAL AVENUE
VALLEY STREAM, NY 11580

CON EDISON
COOPER STATION
P.O. BOX 138
NEW YORK NY 10007

NATIONAL GRID
PO BOX 20690
BROOKLYN, NY 11202

NATIONAL GRID
ONE METROTECH CENTER, 16T
BROOKLYN, NY 11201

NEW YORK STATE DEPARTMENT
BANKRUPTCY/SPECIAL PROCED
P.O. BOX 5300
ALBANY, NY 12205-0300

NYC DEPARTMENT OF FINANCE
ATTN: LEGAL AFFAIRS- DEV
345 ADAMS STREET, 3RD FL
BROOKLYN, NY 11201

NYS DEPT OF TAX AND FINAN
BANKRUPTCY UNIT- TCD
BUILDING 8, ROOM 455
WA HARRIMAN STATE CAMPUS
ALBANY, NEW YORK 12227

NYS UNEMPLOYMENT INSURANC
P.O. BOX 551
ALBANY, NY 12201

OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL
ALBANY, NY 12224

OFFICE OF THE ATTORNEY GENERAL
120 Broadway
New York, NY 10271

POLENA GILERMAN
2855 OCEAN AVENUE
#SC
BROOKLYN, NY 11235

POLENA GILERMAN
3140 EMMONS AVENUE, UNIT 4
BROOKLYN, NY 11235

GRIMMER'S A&B APPLIANCES
1608 CONEY ISLAND AVENUE
BROOKLYN, NY 11230

SAFETY FIRE SPRINKLER CORP.
4616 16TH AVENUE
BROOKLYN, NY 11204

MR. JOHN MURRAY
SEC
NORTHEAST REGIONAL OFFICE
233 BROADWAY
NEW YORK, NY 10279

TO BANKNA
C/0 LYNCH & ASSOCIATES
462 SEVENTH AVE - 12TH FL
NEW YORK, NEW YORK 10018
Attn: H. Michael Lynch, Esq./Gary Ravert, Esq.

U.S. SECURITIES AND EXCHANGE
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NEW YORK 10281

UNITED STATES ATTORNEY'S
EASTERN DISTRICT OF NY
ATTN: CIVIL DIV, BANKRUPT
271 CADMAN PLAZA EAST
BROOKLYN, NY 11201

WCC BUILDERS, LLC
S014 16TH AVENUE
BROOKLYN, NY 11204

YACHAD ENTERPRISES, LLC
1328 PRESIDENT STREET
BROOKLYN, NY 11213

MARY LOU MARTIN, ESQ.
OFFICE OF THE UNITED STATES TRUSTEE
271 CADMAN PLAZA EAST, SUITE 4S29
BROOKLYN, NEW YORK 11201

THE CITY OF NEW YORK
DEPARTMENT OF ENVIRONMENTAL PROTECTION
59-17 JUNCTION BOULEVARD
FLUSHING, NY 11373-5108

EMMONS AVENUE LLC
C/O JACOB PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

ROBERT STONE, ESQ.
SHAPIRO & ASSOCIATES, PLLC
3145 CONEY ISLAND AVENUE
BROOKLYN, NY 11235

JEROLD C FEUERSTEIN, ESQ.
KRISS & FEUERSTEIN LLP
360 LEXINGTON AVENUE, SUITE 1200
NEW YORK, NY 10017

RICHARD SHORE
GANFER & SHORE LLP
360 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, N8/I/YORK 10017

SAMUEL LIGHT
1291 PRESIDENT STREET
BROOKLYN NY 11213

ABRAHAM BREUER
404 WOLFSON AVENUE
SPRING VALLEY N.Y.10977

ERIC WEISEDER
510 EAST 84TH STREET
NEW YORK NY 10028

JONATHAN SCHMIDT
440 EAST 62ND STREET
NEW YORK NV 10065

EFFY BAR-MOSHE
25 QUARTZ LANE
GARRETTHEIGHT, PATERSON NJ.07501

OMI CONSTRUGION CO
1411 AVENUE N, #(2
BROOKLYN, NY 11230

M&A PROJECTS INC.
18 DIVISION PLACE
BROOKLYN, NY 11222

AL PAOLUCCI LANDSCAPING
4208 FILLMORE AVENUE
BROOKLYN, NY 11234

ISLAND PLUMBING & HEATING SUPPLY
1956 MCDONALD AVENUE
BROOKLYN, NY 11223

DLR COMMERCIAL CORP.
17 NEW HYDE PARK ROAD
P.O. BOX 533
FRANKLIN SQUARE, NY 11010

MAJESTIC MOULDING
1327 51sr STREET
BROOKLYN, NY 11219

A.Mitchell Greene, ESQ.
Robinson Brog Leinwand
Greene Genovese & Gluck, P.C.
875 Third Avenue
New York, New York 10022

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

**EMMONS-SHEEPSHEAD BAY**
**DEVELOPMENT LLC,**

Chapter 11

Case No.: 1-12-46321

Debtor

-----------------------------------------------------X

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK COUNTY OF KINGS:

Salvina Isakov, being duly sworn, deposes and says:

That on the 28th of February, 2013, I deposited a copy of the **Notice of Motion, Motion**

**for a 2004 Examination of TD Bank N.A. and Affirmation in Support of Motion for a**

**2004 Examination**, enclosed in a first class postpaid wrapper and properly addressed to **ALL**

**PARTIES ON THE ANNEXED SERVICE LIST**, in an official depository under the

exclusive care and custody of the U.S. Post Office Department within New York State.

Salvina Isakov

Sworn to before me this
28 Day of _____ 2013

BORISOV ARNOLD
Notary Public State of New York
No. 01BO6018732
Qualified in Kings County
Commission Expires 02/15/2015

NOTARY PUBLIC

## SERVICE LIST:

A TO Z ALARMS
1558 EAST 19TH STREET
BROOKLYN, NY 11230

ALBERT DAVHEVSKEY
2533 BATCHELDER STREET
APT_3H
BROOKLYN, NY 11235

ALBERT WILK D/B/A WILK RE
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

ALEX DIKMAN
C/0 LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
66 SPLIT ROCK ROAD
SYOSSET, NY 11791

CHUTES ENTERPRISES
1011 WESTWOOD AVENUE
STATEN ISLAND, NY 10314
ATTN: ALFRED YARKONY

EK DEVELOPMENT
BALLON STOLL BADER & NADLER P.C.
729 SEVENTH AVENUE
17m FLOOR
NEW YORK, NEW YORK 10019

CON EDISON
P.O. BOX 1702
NEW YORK, NY 10116

HUGH SHULL, ESQ.
NY CORP. COUNSEL
100 CHURCH STREET
NEW YORK, NY 10007

D.AJ. QUALITY CORP.
C/0 DAVID FISCHMAN
80-03 ROOSEVELT AVENUE, SUITE 202
JACKSON HEIGHTS, NY 11372

PARKWAY REALTY GROUP
1547 PRESIDENT STREET, 1ST FLOOR
BROOKLYN, NY 11213

ILLONA BAKHROMI AND ANDREY CHURKIN
671319TH AVENUE, APARTMENT C3
BROOKLYN, NY 11204

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA PA 19101

JACOB LUNGER
31 ROOSEVELT AVENUE
SPRING VALLEY, NY 10977

JACOB PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

JAMIL EZRA
514 EAST 84TH STREET
NEW YORK, NY 10028

JOSEPH COMFORTI
C/O CHARLES E. BOULBOL
26 BROADWAY, 17TH FLOOR
NEW YORK, NEW YORK 10004

JOSEPH EZRA
160 IVANHOE DRIVE
PARAMUS, NJ 07652

KAMIL SHASHOVA
76 BLUEBERRY DRIVE
CUFFIAKE, NJ 07677

KOOLRITE COOLING CORP.
8821 DITMAS AVENUE
BROOKLYN, NY 11236

LAZER MARBLE & GRANITE CORP.
1053 DAHILL ROAD
BREOOKLYN, NY 11204

MARINA TARTAKOVSKYA LEVIN
115 COLLIER AVENUE
STATEN ISLAND, NY 10312

METROPOLITAN ESTATES, INC
C/O LAW OFFICES OF MARK J. FRIEDMAN, ESQ.
56 SPLIT ROCK ROAD
SYOSSET, NY 11791

MORRIS TEPPER
104 S. CENTRAL AVENUE
VALLEY STREAM, NY 11580

CON EDISON
COOPER STATION
P.O. BOX 138
NEW YORK NY 10007

NATIONAL GRID
PO BOX 20690
BROOKLYN, NY 11202

NATIONAL GRID
ONE METROTECH CENTER, 16T
BROOKLYN, NY 11201

NEW YORK STATE DEPARTMENT
BANKRUPTCY/SPECIAL PROCED
P.O. BOX 5300
ALBANY, NY 12205-0300

NYC DEPARTMENT OF FINANCE
ATTN: LEGAL AFFAIRS- DEV
345 ADAMS STREET, 3RD FL
BROOKLYN, NY 11201

NYS DEPT OF TAX AND FINAN
BANKRUPTCY UNIT- TCD
BUILDING 8, ROOM 455
WA HARRIMAN STATE CAMPUS
ALBANY, NEW YORK 12227

NYS UNEMPLOYMENT INSURANC
P.O. BOX 551
ALBANY, NY 12201

OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL
ALBANY, NY 12224

OFFICE OF THE ATTORNEY GENERAL
120 Broadway
New York, NY 10271

POLENA GILERMAN
2855 OCEAN AVENUE
#SC
BROOKLYN, NY 11235

POLENA GILERMAN
3140 EMMONS AVENUE, UNIT 4
BROOKLYN, NY 11235

GRIMMER'S A&B APPLIANCES
1608 CONEY ISLAND AVENUE
BROOKLYN, NY 11230

SAFETY FIRE SPRINKLER CORP.
4616 16TH AVENUE
BROOKLYN, NY 11204

MR. JOHN MURRAY
SEC
NORTHEAST REGIONAL OFFICE
233 BROADWAY
NEW YORK, NY 10279

TO BANKNA
C/0 LYNCH & ASSOCIATES
462 SEVENTH AVE-12TH FL
NEW YORK, NEW YORK 10018
Attn: H. Michael Lynch, Esq./Gary Ravert, Esq.

U.S. SECURITIES AND EXCHANGE
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NEW YORK 10281

UNITED STATES ATTORNEY'S
EASTERN DISTRICT OF NY
ATTN: CIVIL DIV, BANKRUPT
271 CADMAN PLAZA EAST
BROOKLYN, NY 11201

WCC BUILDERS, LLC
S014 16TH AVENUE
BROOKLYN, NY 11204

YACHAD ENTERPRISES, LLC
1328 PRESIDENT STREET
BROOKLYN, NY 11213

MARY LOU MARTIN, ESQ.
OFFICE OF THE UNITED STATES TRUSTEE
271 CADMAN PLAZA EAST, SUITE 4S29
BROOKLYN, NEW YORK 11201

THE CITY OF NEW YORK
DEPARTMENT OF ENVIRONMENTAL PROTECTION
59-17 JUNCTION BOULEVARD
FLUSHING, NY 11373-5108

EMMONS AVENUE LLC
C/O JACOB PINSON
1328 PRESIDENT STREET
BROOKLYN, NY 11213

ROBERT STONE, ESQ.
SHAPIRO & ASSOCIATES, PLLC
3145 CONEY ISLAND AVENUE
BROOKLYN, NY 11235

JEROLD C FEUERSTEIN, ESQ.
KRISS & FEUERSTEIN LLP
360 LEXINGTON AVENUE, SUITE 1200
NEW YORK, NY 10017

RICHARD SHORE
GANFER & SHORE LLP
360 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, N&I/YORK 10017

SAMUEL LIGHT
1291 PRESIDENT STREET
BROOKLYN NY 11213

ABRAHAM BREUER
404 WOLFSON AVENUE
SPRING VALLEY N.Y.10977

ERIC WEISEDER
510 EAST 84TH STREET
NEW YORK NY 10028

JONATHAN SCHMIDT
440 EAST 62ND STREET
NEW YORK NV 10065

EFFY BAR-MOSHE
25 QUARTZ LANE
GARRETTHEIGHT. PATERSON NJ. 07501

OMI CONSTRUGION CO
1411 AVENUE N. #(2
BROOKLYN, NY 11230

M&A PROJECTS INC.
18 DIVISION PLACE
BROOKLYN, NY 11222

AL PAOLUCCI LANDSCAPING
4208 FILLMORE AVENUE
BROOKLYN, NY 11234

ISLAND PLUMBING & HEATING SUPPLY
1956 MCDONALD AVENUE
BROOKLYN, NY 11223

DLR COMMERCIAL CORP.
17 NEW HYDE PARK ROAD
P.O. BOX 533
FRANKLIN SQUARE, NY 11010

MAJESTIC MOULDING
1327 51sr STREET
BROOKLYN, NY 11219

A.Mitchell Greene, ESQ.
Robinson Brog Leinwand
Greene Genovese & Gluck, P.C.
875 Third Avenue
New York, New York 10022