**ROBINSON BROG LEINWAND GREENE**      **Hearing Date and Time:**
**GENOVESE & GLUCK P.C.**      **April 11, 2013 at 9:30 a.m.**
875 Third Avenue, 9th Floor
New York, New York 10022
Telephone: (212) 603-6300
Facsimile: (212) 956-2164
**A. Mitchell Greene, Esq.**
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                      Chapter 11
In re:

**EMMONS-SHEEPSHEAD BAY**      Case No.: 12-46321 (ESS)
**DEVELOPMENT, LLC,**

                Debtor.
-------------------------------------------------------- X

**DEBTOR'S APPLICATION FOR ORDER EXPUNGING, REDUCING, AND/OR
DISALLOWING CLAIM NO. 8 FILED BY METROPOLITAN ESTATES, INC., and
CLAIM NO. 9 FILED BY METROPOLITAN ESTATES, INC. IN A DERIVATIVE
CAPACITY ON BEHALF OF EMMONS AVENUE, LLC**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

       **Emmons-Sheepshead Bay Development, LLC** debtor and debtor in possession herein

(the "**Debtor**"), by its attorneys, **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**,

hereby submits this Objection (the "**Objection**") pursuant to section 502 of title 11, United States

Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), to the unsecured claim filed against the Debtor by Metropolitan

Estates, Inc. ("**Metropolitan**"), denoted as Claim No. 8 (the **"Metropolitan Proof of Claim No.**

**8"**) and to the unsecured claim filed against the Debtor by Metropolitan Estates, Inc. in a

Derivative Capacity on Behalf of Emmons Avenue, LLC (the "**Derivative Proof of Claim No.**

{00614259.DOC;2 }614259-2

**9**" and with the Metropolitan Proof of Claim No. 8, the "Claims"). Copies of the Claims are annexed hereto as Exhibits A and B respectively. The Debtor respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Eastern District of New York, August 28, 1986 (Weinstein, C.J.) as supplemented by the December 5, 2012 order of Chief Judge Carol Bagley Amon. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper under 28 U.S.C. §§1408 and 1409.

2. This is a core proceeding arising under the Bankruptcy Code. *See* 28 U.S.C. §§157(b)(1) and 157(b)(2). The statutory predicates for the relief sought herein are Sections 501 and 502 of the Bankruptcy Code, and Rule 3007 of the Bankruptcy Rules.

## BACKGROUND

3. The Debtor is the owner of the real property located at 3112-3144 Emmons Avenue, Brooklyn, New York (the "Property") and the sponsor of the condominium development at the Property known as The Breakers at Sheepshead Bay Condominium. The condominium offering plan was accepted by the New York State Attorney General's Office on February 8, 2006. The Debtor currently owns approximately 49 unsold residential units, 43 parking spaces and a marina at the Property.

4. The Property was originally owned by Emmons Avenue LLC, an affiliate of the Debtor. Emmons Avenue LLC and the Debtor were parties to a lease dated December 29, 2004, which provided the Debtor with an option to purchase the Property. Pursuant to ACRIS records, the lease and memorandum of lease were terminated and the Property conveyed to the Debtor in

2008. Both Emmons Avenue LLC and the Debtor were obligated on the various loans extended by TD Bank, N.A. ("TD") in connection with the acquisition, construction and development of the condominium project.

5. On August 30, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its assets pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No creditors committee has been appointed in this case.

6. TD was the Debtor's secured lender as of the Petition Date and the plaintiff in a series of litigations against, amongst other defendants, Emmons Avenue LLC and the Debtor in connection with the various loans that were extended for the acquisition and construction of the Property. On or about October 16, 2012, TD assigned its various mortgages and related loan documents to SDF17 Emmons LLC ("SDF").

7. The Property is located in Sheepshead Bay, Brooklyn, New York and suffered extensive damage as a result of Hurricane Sandy. Debtor, in conjunction with SDF, is working to repair the damage to the Property consisting of repairs to both the individual residential units and the condominium common areas in order to restore the Property to pre-Hurricane Sandy condition and be in a position to commence marketing and sales of the remaining unsold units.

**METROPOLITAN ESTATES AND EMMONS AVENUE LLC**

8. Upon information and belief, Metropolitan is in the business of providing business funding; Alex Dikman ("Dikman") is its President and Albert Wilk is its Vice President. Upon information and belief, Albert Wilk is also a real estate broker doing business as Wilk Real Estate Ltd. ("Wilk")

9.      In or about January 13, 2005, Metropolitan and Emmons Avenue LLC, the then owner of the Property, entered into an agreement (the "Metropolitan Agreement"), a copy of which is attached hereto as Exhibit C, whereby Metropolitan was to contribute the sum of $1,500,000.00 to Emmons Avenue LLC to assist in the development of the condominium project in exchange for a 10% equity interest.  Under the Metropolitan Agreement, Metropolitan was to receive the return of its initial capital as well as an additional $1,500,000.00 from the profits, for a total return of $3,000,000.00[1].  Repayment to Metropolitan on account of its investment was to be made subsequent to repayment to the acquisition and construction lender. Once the lender was paid off, Metropolitan had an option to place a lien on three (3) of the condominium units, to be selected by Emmons Avenue LLC, which liens were to be removed upon repayment of the principal advance.   The repayment to Metropolitan was to be funded via commissions from sales of condominium units earned by Wilk who was to be engaged as the exclusive broker for the condominium project.  Upon receipt of the aggregate sum of $3,000,000.00, Metropolitan would not be entitled to any further compensation and would relinquish its 10% equity interest.  The Metropolitan Agreement was amended in April 2009 by a written agreement to increase the commissions due Metropolitan on future sales in order to expedite the return of its investment (the "Amendment").  A copy of the Amendment is attached hereto as Exhibit D.

10.     On August 29, 2011, Metropolitan, Wilk and Dikman, commenced an action in the Supreme Court of the State of New York, Kings County, captioned: <u>Metropolitan Estates, Inc., Alex Dikman and Albert Wilk d/b/a Wilk Real Estate, Ltd, all Individually and Derivatively On Behalf of Emmons Avenue LLC</u>, and assigned Index No. 20525/11 (the "State Court

---

[1] Debtor reserves all rights to object to the Claims on any other basis, including, but not limited to an objection that the Metropolitan Agreement is on its face is unenforceable and should be voided as the terms violate New York State

Action"), asserting various causes of action, including, but not limited to, breach of contract, breach of fiduciary duty, fraudulent conveyance, unjust enrichment and a constructive trust against the Property as against Emmons Avenue LLC and the Debtor, amongst other defendants. In the Decision and Order of the Honorable Gloria Dabiri dated June 15, 2012, the individual plaintiffs' cause of action for a constructive trust against the Property was dismissed, and the defendants' request to cancel the plaintiffs Notice of Pendency was denied. A copy of the Decision is attached hereto as Exhibit E. Other aspects of the State Court Action, including the determination on Plaintiff's other claims, were stayed as a result of the Debtor's bankruptcy filing.

### METROPOLITAN ESTATES CLAIM NO. 8

11.  Metropolitan Proof of Claim No. 8 was filed as an unsecured claim in the amount of $1,927,089.00. The asserted basis for the claim is "aided abetted fraud conveyance, breach of fiduciary duty, etc." Metropolitan Proof of Claim No. 8 was not filed with any supporting documentation, however, the claim contains a notation that "[S]upporting docs available on request from the Law Offices of Mark J. Friedman P.C."[2]

### DERIVATIVE CLAIM NO. 9

12.  Derivative Proof of Claim No. 9 was filed as an unsecured claim in the amount of $33,094,638.97. The asserted basis for the claim is "aided abetted fraud conveyance, breach of fiduciary duty, etc." Derivative Proof of Claim No. 9 was not filed with any supporting documentation, however, the claim also contains the notation that "[S]upporting docs available on request from the Law Offices of Mark J. Friedman P.C."

---

usury laws.
[2] On March 6, 2013, a motion was filed seeking to substitute the Law Office of Alla Kachan as counsel to the

**OBJECTION**

13. Requests for supporting documentation to the Claims as well as to claim nos. 10, 11 and 13 filed by Wilk, Albert Wilk and Alex Dikman, respectively, which claims were also filed by the Law Offices of Mark J. Friedman, P.C. and which are the subject of separate claims objections motions being filed contemporaneously herewith, were made by email to the Law Offices of Mark J. Friedman P.C. on January 22, 2012; January 29, 2013 and February 13, 2013. On February 14, 2013, the Law Offices of Mark J. Friedman, P.C. notified Debtor's counsel that it had been directed to do no further work on the file and that counsel would be provided with either the supporting documentation or contact information in order to make the request for the supporting documentation from new counsel. After a follow up email sent on February 19, 2013, Debtor's counsel was directed to contact Shapiro & Associates, PLLC, who had originally appeared in the Debtor's bankruptcy case on behalf of Metropolitan, Wilk and Dikman. Debtor's counsel presented its 4th request for supporting documentation to Shapiro & Associates, but was advised that the Metropolitan, Wilk and Dikman had retained new bankruptcy counsel, and was provided with an email address for the new counsel, Alla Kachan. On February 21, 2013, Ms. Kachan sent an email to Debtor's counsel advising that she had been retained to act as counsel to Metropolitan, Wilk and Dikman and that the supporting documentation would be provided no later than February 22, 2013. The supporting documentation, inclusive of the cover email from Ms. Kachan, is attached hereto as Exhibit F. The cover email did not set forth any explanation or delineation as to what document was being provided in connection with which claim. Two (2) of the three (3) documents provided were the Metropolitan Agreement and the Amendment referenced in paragraph 9 herein. Debtor determined that the Metropolitan Agreement and

Amendment relate to Metropolitan's Proof of Claim No. 8. The third document provided was the broker's agreement with Wilk.

14. As a preliminary matter, an argument can be made that the Metropolitan Agreement and the Amendment are not with the Debtor, but with Emmons Avenue LLC, the original owner of the Property and are therefore not valid claims against the Debtor. However, it has always been the Debtor's position that, subsequent to the conveyance of the Property from Emmons Avenue LLC to the Debtor, the Metropolitan Agreement and the Amendment be deemed to be contracts with the Debtor. Accordingly, the Debtor is not utilizing this as a basis to expunge the Claims. The Debtor does however object to the Claims for the reasons set forth herein.

15. The supporting documents provided with respect to Metropolitan Proof of Claim No. 8 and Derivative Proof of Claim No. 9 do not substantiate the Claims. There appears to be no correlation between the supporting documentation and the dollar amounts asserted in either of the Claims; there is no explanation, statement or breakdown of the calculation of amounts asserted in the Claims, and there is no explanation with any particularity to support the asserted basis for the Claims.

16. With respect to Metropolitan Proof of Claim No. 8 filed in the amount of $1,927,089.00, the claim amount is not referenced or evidenced in any of the supporting documentation. The claim itself and the supporting documentation provided later do not include any analysis or calculation as to how the amount was determined. It is the Debtor's position that the amount due Metropolitan could not exceed $3,000,000.00, and that upon information and belief, as set forth in the attached affirmation of Jacob Pinson (the "Pinson Affirmation"), the

aggregate amount of $1,459,521 was paid at various closings for real estate commissions. As set forth in the Metropolitan Agreement and the Amendment, Both Metropolitan and Wilk were entitled to a portion of these amounts. Commission paid to Metropolitan was to be offset against any amounts due Metropolitan. Without a proper breakdown from Metropolitan of the monies it received, the Debtor cannot determine the appropriate amount of the Metropolitan Proof of Claim No. 8. Therefore, Debtor objects to Metropolitan Proof of Claim No. 8 in its entirety and submits that Metropolitan Proof of Claim No. 8 should be disallowed and/or appropriately reduced or expunged in its entirety.

17. Debtor submits that Metropolitan is either an unsecured creditor or a 10% equity holder in the Debtor, or perhaps both. Without re-litigating that which has already been determined by the State Court, as set forth in the decision at page 19, "Emmons promised Metropolitan only the return of its principal investment and a share of the profits of sale of the condominiums, which is insufficient to support a claim for a constructive trust…" At most, in accordance with the supporting documentation provided, and the Pinson Affirmation, Metropolitan has an unsecured claim in an undetermined amount. Metropolitan must submit proper documentation as to the claim amount and support with sufficient particularity its basis for the claim.

18. With respect to Derivative Proof of Claim no. 9 filed in the amount of $33,094,638.97, the calculation of claim amount is not referenced or evidenced in any of the supporting documentation. The claim and the supporting documentation do not include any analysis or breakdown as to how the claim amount was determined. Upon investigation by the Debtor, the $33,094,638.97 claim amount correlates to the claim amount asserted by the lender,

SDF, in its proof of claim, but fails to address how the claimant determined this amount to be appropriate. Derivative Proof of Claim No. 9 is unsupported by any evidence, including any explanation as to how it is a derivative claim in the first place. It appears to the Debtor that the basis for the derivative claim is the claims made in the State Court Action, which have not been adjudicated in the State Court, and therefore remains at best, unliquidated and contingent. Accordingly, Derivative Proof of Claim No. 9 should be expunged in its entirety as unliquidated.

### CONCLUSION

19.     The Debtor respectfully submits that for all of the reasons stated herein and in the attached affirmation, the relief requested should be granted and that an order be entered expunging, reducing and/or disallowing Metropolitan Proof of Claim No. 8 and Derivative Proof of Claim No. 9.

20.     No prior request for the relief requested herein has been made to this or any other court.

21.     The Debtor submits that the record has been adequately developed and the relief requested herein may appropriately be granted in the context of this Objection. Pursuant to Bankruptcy Rule 3007, a copy of this Objection, with exhibits, is being served upon (i) Metropolitan by its former and current counsels and (ii) the Office of the United States Trustee for the Eastern District of New York.  The Debtor submits that no other or further notice need be provided.

20.     This Objection is made without prejudice to the rights of the Debtor to assert future objections to the Claims objected to herein.

**WHEREFORE**, the Debtor respectfully requests entry of an order (i) expunging,

reducing and/or disallowing Metropolitan Proof of Claim No. 8 and Derivative Proof of Claim No. 9 pursuant to Bankruptcy Code section 502(b), and (ii) granting the Debtor such other and further relief as is just and proper.

**DATED:** New York, New York
March 11, 2013

        **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
**Attorneys for the Debtor**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: /s/ A. Mitchell Greene
    **A. Mitchell Greene**

**ROBINSON BROG LEINWAND GREENE**          **Hearing Date and Time:**
  **GENOVESE & GLUCK P.C.**                    April 11, 2013 at 9:30 a.m.
Attorneys for the Debtor
875 Third Avenue
New York, New York 10022
Tel. No.: (212) 603-6300
Facsimile: (212) 956-2164
**A. Mitchell Greene, Esq.**
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                 Chapter 11

**EMMONS SHEEPSHEAD BAY**
**DEVELOPMENT LLC,**                                  Case No. 12-46321 (ESS)

                     Debtor.
---------------------------------------------------------------x

**AFFIRMATION OF JACOB PINSON IN SUPPORT OF OBJECTION TO
CLAIM NO. NO. 8 FILED BY METROPOLITAN ESTATES, INC., and CLAIM NO. 9
FILED BY METROPOLITAN ESTATES, INC. IN A DERIVATIVE CAPACITY ON
<u>BEHALF OF EMMONS AVENUE, LLC</u>**

    **Jacob Pinson** affirms the following:

    1)     I am the managing member of **Yachad Enterprises, LLC**, the managing member of the Debtor. I am submitting this affirmation in support of the Debtor's Objection (the "Objection") to Proof of Claim No. 8 filed by Metropolitan Estates, Inc., and Proof of Claim No. 9 filed by Metropolitan Estates, Inc. in a Derivative Capacity on behalf of **Emmons Avenue, LLC** (collectively, the "Claims").

    2)     I am fully familiar with the Debtor's Property and its broker and related agreements, as well as its books and records. I have reviewed the Claims, the agreements submitted in support of the Claims, and I have examined the books and records maintained by the

Debtor in the ordinary course of its business that reflect, amongst other things, the amounts owed to the Debtor's creditors.

3)	The Claims were filed in amounts that are not reflected in the Debtor's books and records, nor are they reflected in the governing agreements between the Debtor as the owner of the Property (previously Emmons Avenue LLC) and Metropolitan. The Derivative Proof of Claim No. 9 is not supported in any manner and no claim is reflected in the Debtor's books and records that support this inflated claim amount. Derivative Proof of Claim No. 9 should be expunged in its entirety.

4)	The amount asserted in the Metropolitan Proof of Claim No. 8 does not properly reflect the application against or set off the commissions paid to Metropolitan in connection with the sale of condominium units. See attached closing statements that reflect broker commissions of $1,459,520 were paid in connection with 26 condominium closings. Pursuant to the Metropolitan Agreement, the amount due Metropolitan was capped at $3,000,000.00. The Metropolitan Proof of Claim No. 8 must be reconciled and until a proper analysis and breakdown of the claim is provided, Metropolitan Proof of Claim No. 8 should be disallowed and/or reduced or expunged in its entirety.

5)	For all of the foregoing reasons and as set forth in the Objection and the exhibits attached hereto, it is respectfully requested that this Court grant the Debtor the relief sought in the Application, and grant the Debtor such other relief as this Court may deem just and proper.

/s/ Jacob Pinson<br>
**JACOB PINSON**