ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
Attorneys for Emmons-Sheepshead
Bay Development, LLC
875 Third Avenue
New York, New York 10022
Tel. No.: (212) 603-6300

<u>Hearing Date and Time</u>:
April 11, 2013 at 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                   Chapter 11

EMMONS SHEEPSHEAD BAY                    Case No. 12-46321 (ESS)
DEVELOPMENT, LLC,

                                        Debtor.
------------------------------------------------------------------x

## DEBTOR'S APPLICATION FOR ORDER EXPUNGING, REDUCING, AND/OR DISALLOWING CLAIM NO. 10 FILED BY ALBERT WILK D/B/A WILK REAL ESTATE, LTD, WILK REAL ESTATE, Ltd., AND WILK REAL ESTATE I, LLC

**Emmons-Sheepshead Bay Development, LLC,** the debtor and debtor in

possession herein ("Debtor") by its attorneys Robinson Brog Leinwand Greene &

Gluck P.C. hereby submits this Objection (the "**Objection**") pursuant to section 502 of title 11,

United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), to the unsecured claim filed against the Debtor by Albert

Wilk d/b/a Wilk Real Estate, LTD., Wilk Real Estate, Ltd. and Wilk Real Estate I LLC,

("**Wilk**"), denoted as Claim No. 10 (the **"Wilk RE Proof of Claim No. 10"**).  A copy of the

Wilk RE Proof of Claim No. 10 is annexed hereto as Exhibit A.  In support of the Objection, the

Debtor respectfully sets forth and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction of this Objection pursuant to 28 U.S.C. §§157 and

1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States

District Court for the Eastern District of New York, August 28, 1986 (Weinstein, C.J.) as

supplemented by the December 5, 2012 order of Chief Judge Carol Bagley Amon.  Venue in this

district is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.     This is a core proceeding arising under title 11 of the Bankruptcy Code. *See* 28

U.S.C. §§ 157(b)(1) and 157(b)(2). The statutory predicates for the relief sought herein are

Sections 501 and 502 of the Bankruptcy Code, and Rule 3007 of the Bankruptcy Rules.

## BACKGROUND

3.     The Debtor is the owner of the real property located at 3112-3144 Emmons

Avenue, Brooklyn, New York (the "Property") and the sponsor of the condominium

development at the Property known as The Breakers at Sheepshead Bay Condominium.  The

condominium offering plan was accepted by the New York State Attorney General's Office on

February 8, 2006.  The Debtor currently owns approximately 49 unsold residential units, 43

parking spaces and a marina at the Property.

4.     The Property was originally owned by Emmons Avenue LLC, an affiliate of the

Debtor.  Emmons Avenue LLC and the Debtor were parties to a lease dated December 29, 2004,

which provided the Debtor with an option to purchase the Property.  Pursuant to ACRIS records,

the lease and memorandum of lease were terminated and the Property conveyed to the Debtor in

2008.  Both Emmons Avenue LLC and the Debtor are obligated on the various loans extended

by TD Bank, N.A. ("TD") in connection with the acquisition, construction and development of

the condominium project.

{00614004.DOC;1 }

5.      On August 30, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No creditors committee has been appointed in this case.

6.      TD was the Debtor's secured lender as of the Petition Date and the plaintiff in a series of litigations against, amongst other defendants, Emmons Avenue LLC and the Debtor in connection with the various loans that were extended for the acquisition and construction of the Property.  On or about October 16, 2012, TD assigned its various mortgages and related loan documents to SDF17 Emmons LLC ("SDF").

7.      The Property is located in Sheepshead Bay, Brooklyn, New York and suffered extensive damage as a result of Hurricane Sandy.  Debtor, in conjunction with SDF, is working to repair the damage to the Property consisting of repairs to both the individual residential units and the condominium common areas in order to restore the Property to pre-Hurricane Sandy condition and be in a position to commence marketing and sales of the remaining unsold units.

## RELIEF REQUESTED

8.      The Debtor respectfully refers the Court and interested parties to the Objection to to Proof of Claim No. 8 filed by Metropolitan Estates, Inc., and Proof of Claim No. 9 filed by Metropolitan Estates, Inc. in a derivative capacity on behalf of Emmons Avenue, LLC, being filed contemporaneously herewith, and incorporates it herein by reference for a more detailed analysis of the history and relationship between the Debtor, Metropolitan, Wilk and Dikman.

9.      Debtor objects to Wilk RE Proof of Claim No. 10 filed in the amount of $331,288.36.  The asserted basis for the claim is "[C]ommissions". Wilk RE Proof of Claim No. 10 does not contain proper support and documentation.   The only supporting documentation

that was provided by Wilk's counsel in support of Wilk RE Proof of Claim No. 10 is a December 1, 2004 sales broker agreement which establishes that Wilk Real Estate, LTD, Albert Wilk[1] as broker was engaged to market the condominium project and in connection with its engagement was entitled to certain commission amounts related to condominium sales and closings.   A copy of the broker agreement is attached hereto as Exhibit B.  No further documentation supporting the Wilk RE Proof of Claim No. 10 substantiating the asserted claim amount has been provided. There is no analysis or calculation that establishes or otherwise evidences how the claim amount of $331,288.36 was determined.  In addition, as it is customary for commissions to be paid at closing, there is no explanation as to how or why commission amounts remain unpaid or were accrued by Wilk.  Finally, as set forth in the attached closing statements, there were 26 closings for the Property for which the aggregate amount of $1,459,521 was paid to the real estate broker. Accordingly, the Debtor submits that the Wilk RE Proof of Claim No. 10 is unsubstantiated and does not comport with its books and records and should be expunged in its entirety.

10.    An affirmation of Jacob Pinson in support of this Objection is attached hereto and incorporated herein.

## CONCLUSION

11.    The Debtor respectfully submits that for all of the reasons stated herein and in the attached affirmation, that the relief requested should be granted and that an order be entered expunging, reducing and/or disallowing Wilk RE Proof of Claim No. 10.

12.    No prior request for the relief requested herein has been made to this or any other court.

13.    The Debtor submits that the record has been adequately developed and the relief

---

[1] There is no reference to the entity Wilk Real Estate I, LLC anywhere in the broker agreement and the Debtor objects to any claim by this entity.

requested herein may appropriately be granted in the context of this Objection. Pursuant to

Bankruptcy Rule 3007, a copy of this Objection, with exhibits, is being served upon (i) Wilk by

its former and current counsel and (ii) the Office of the United States Trustee for the Eastern

District of New York.  The Debtor submits that no other or further notice need be provided.

14.    This Objection is made without prejudice to the rights of the Debtor to assert

future objections to Wilk RE Proof of Claim No. 10 objected to herein.

**WHEREFORE**, the Debtor respectfully requests entry of an order (i) expunging,

reducing and/or disallowing Wilk RE Proof of Claim No. 10  pursuant to Bankruptcy Code

section 502(b), and (ii) granting the Debtor such other and further relief as the Court deems just

and proper.


Dated: New York, New York
       March 11, 2013

                          ROBINSON BROG LEINWAND GREENE
                          GENOVESE & GLUCK P.C.
                          Attorneys for Debtor
                          875 Third Avenue
                          New York, New York 10022
                          (212) 603-6300

                          By: /s/ A. Mitchell Greene
                                A. Mitchell Greene

ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
Attorneys for Debtor
875 Third Avenue
New York, New York 10022
Tel. No.: (212) 603-6300

<u>Hearing Date and Time</u>:
April 11, 2013 at 9:30 a.m.


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                                Chapter 11

EMMONS SHEEPSHEAD BAY
DEVELOPMENT LLC                                  Case No. 12-46321 (ESS)

                                Debtor.
-------------------------------------------------------------x

### AFFIRMATION OF JACOB PINSON IN SUPPORT OF OBJECTION TO CLAIM NO. 10 FILED BY ALBERT WILK D/B/A WILK REAL ESTATE, LTD., WILK REAL ESTATE, Ltd., AND WILK REAL ESTATE I, LLC

**Jacob Pinson** affirms the following:

      1)     I am the managing member of Yachad Enterprises, LLC, the managing member

of the Debtor.  I am submitting this affirmation in support of the Debtor's Objection to Proof of

Claim No. 10 filed by Albert Wilk d/b/a Wilk Real Estate, LTD, Wilk Real Estate, Ltd., and

Wilk Real Estate I, LLC (the "Objection").

      2)     I am fully familiar with the Debtor's Property, broker and related agreements, and

books and records.  I have reviewed the filed proofs of claim, the documents and agreements

submitted in support of the proofs of claim and examined the books and records maintained by

the Debtor in the ordinary course of its business that reflect, amongst other things, the amounts

owed to the Debtor's creditors.

3)      The Debtor's books and records do not reflect any amounts due and owing Wilk Real Estate I, LLC.  The Debtor's books and records do not reflect any amounts due and owing Albert Wilk d/b/a Wilk Real Estate Ltd., and Wilk Real Estate I, LLC for commissions. There were 26 closings for which the real estate broker was paid the aggregate amount of $1,459,521. Evidence of these payments is attached hereto.

4)      For all of the foregoing reasons and as set forth in the Objection and the exhibits attached hereto, it is respectfully requested that this Court grant the Debtor the relief sought in the Application, and grant the Debtor such other relief as this Court may deem just and proper.


/s/ Jacob Pinson
Jacob Pinson