| | |
|---|---|
| ROBINSON BROG LEINWAND GREENE<br>  GENOVESE & GLUCK P.C.<br>Attorneys for Emmons-Sheepshead<br>Bay Development, LLC<br>875 Third Avenue<br>New York, New York 10022<br>Tel. No.: (212) 603-6300 | <u>Hearing Date and Time</u>:<br>April 11, 2013 at 9:30 a.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                             Chapter 11

EMMONS SHEEPSHEAD BAY                              Case No. 12-46321 (ESS)
DEVELOPMENT, LLC,

                        Debtor.
----------------------------------------------------------------x

### DEBTOR'S APPLICATION FOR ORDER EXPUNGING, REDUCING, AND/OR <u>DISALLOWING CLAIM NO. 11 FILED BY ALBERT WILK</u>

**Emmons-Sheepshead Bay Development, LLC,** the debtor and debtor in possession herein ("Debtor") by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck P.C. hereby submits this Objection (the "**Objection**") pursuant to section 502 of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the unsecured claim filed against the Debtor by Albert Wilk denoted as Claim No. 11 (the **"Wilk Proof of Claim No. 11"**). A copy of the Wilk Proof of Claim No. 11 is annexed hereto as Exhibit A. In support of the Objection, the Debtor respectfully sets forth and alleges:

### <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction of this Objection pursuant to 28 U.S.C. §§157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Eastern District of New York, August 28, 1986 (Weinstein, C.J.) as

supplemented by the December 5, 2012 order of Chief Judge Carol Bagley Amon. Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.     This is a core proceeding arising under title 11 of the United States Code (the "Bankruptcy Code"). *See* 28 U.S.C. §§ 157(b)(1) and 157(b)(2). The statutory predicates for the relief sought herein are Sections 501 and 502 of the Bankruptcy Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3.     The Debtor is the owner of the real property located at 3112-3144 Emmons Avenue, Brooklyn, New York (the "Property") and the sponsor of the condominium development at the Property known as The Breakers at Sheepshead Bay Condominium. The condominium offering plan was accepted by the New York State Attorney General's Office on February 8, 2006. The Debtor currently owns approximately 49 unsold residential units, 43 parking spaces and a marina at the Property.

4.     The Property was originally owned by Emmons Avenue LLC, an affiliate of the Debtor. Emmons Avenue LLC and the Debtor were parties to a lease dated December 29, 2004, which provided the Debtor with an option to purchase the Property. Pursuant to ACRIS records, the lease and memorandum of lease were terminated and the Property conveyed to the Debtor in 2008. Both Emmons Avenue LLC and the Debtor are obligated on the various loans extended by TD Bank, N.A. ("TD") in connection with the acquisition, construction and development of the condominium project.

5.     On August 30, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No creditors committee has been

appointed in this case.

6. TD was the Debtor's secured lender as of the Petition Date and the plaintiff in a series of litigations against, amongst other defendants, Emmons Avenue LLC and the Debtor in connection with the various loans that were extended for the acquisition and construction of the Property. On or about October 16, 2012, TD assigned its various mortgages and related loan documents to SDF17 Emmons LLC ("SDF").

7. The Property is located in Sheepshead Bay, Brooklyn, New York and suffered extensive damage as a result of Hurricane Sandy. Debtor, in conjunction with SDF, is working to repair the damage to the Property consisting of repairs to both the individual residential units and the condominium common areas in order to restore the Property to pre-Hurricane Sandy condition and be in a position to commence marketing and sales of the remaining unsold units.

### RELIEF REQUESTED

8. The Debtor respectfully refers the Court and interested parties to the Objection to to Proof of Claim No. 8 filed by Metropolitan Estates, Inc., and Proof of Claim No. 9 filed by Metropolitan Estates, Inc. in a derivative capacity on behalf of Emmons Avenue, LLC, being filed contemporaneously herewith, and incorporates it herein by reference for a more detailed analysis of the history and relationship between the Debtor, Metropolitan, Wilk and Dikman.

9. Debtor objects to Wilk Proof of Claim No. 11 filed in the amount of $3,500.00. The asserted basis for the claim is "[F]urniture and [A]ttorneys [F]ees". However, no documentation supporting the Wilk Proof of Claim No. 11 or substantiating the basis for the amount being sought has been provided. There is neither a breakdown nor allocation in the Wilk Proof of Claim No. 11 designating the amount sought for furniture and the amount sought for attorneys' fees nor any support establishing Wilk's entitlement to be reimbursed for furniture or

attorney's fees. Moreover, there is no support for Wilk in his individual capacity being entitled to a separate and distinct claim from the Wilk RE Proof of Claim No. 10. The Debtor has no agreement with Wilk in his individual capacity. Debtor submits that the Wilk Proof of Claim No. 11 is unsubstantiated and does not comport with its books and records and should be expunged in its entirety.

10. An affirmation of Jacob Pinson in support of this Objection is attached hereto and incorporated herein.

## CONCLUSION

11. The Debtor respectfully submits that for all of the reasons stated herein and in the attached affirmation, the relief requested should be granted and that an order be entered expunging, reducing and/or disallowing Wilk Proof of Claim No. 11.

12. No prior request for the relief requested herein has been made to this or any other court.

13. The Debtor submits that the record has been adequately developed and the relief requested herein may appropriately be granted in the context of this Objection. Pursuant to Bankruptcy Rule 3007, a copy of this Objection, with exhibits, is being served upon (i) Albert Wilk by his former and current counsel and (ii) the Office of the United States Trustee for the Eastern District of New York. The Debtor submits that no other or further notice need be provided.

14. This Objection is made without prejudice to the rights of the Debtor to make future objections to Wilk Proof of Claim No. 11 objected to herein.

**WHEREFORE**, the Debtor respectfully requests entry of an order (i) expunging, reducing and/or disallowing Wilk Proof of Claim No. 11 pursuant to Bankruptcy Code section

502(b), and (ii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 11, 2013

        ROBINSON BROG LEINWAND GREENE
        GENOVESE & GLUCK P.C.
        Attorneys for Debtor
        875 Third Avenue
        New York, New York 10022
        (212) 603-6300

        By: /s/ A. Mitchell Greene
            A. Mitchell Greene

ROBINSON BROG LEINWAND GREENE     **Hearing Date and Time:**
  GENOVESE & GLUCK P.C.         April 11, 2013 at 9:30 a.m.
Attorneys for the Debtor
875 Third Avenue
New York, New York 10022
Tel. No.: (212) 603-6300

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                  Chapter 11

EMMONS SHEEPSHEAD BAY
DEVELOPMENT LLC          Case No. 12-46321 (ESS)

            Debtor.
-------------------------------------------------------------x

### AFFIRMATION OF JACOB PINSON IN SUPPORT OF OBJECTION TO CLAIM NO. 11 FILED BY ALBERT WILK

**Jacob Pinson** affirms the following:

    1)    I am the managing member of Yachad Enterprises, LLC, the managing member of the Debtor. I am submitting this affirmation in support of the Debtor's Objection to Proof of Claim No. 11 filed by Albert Wilk (the "Objection").

    2)    I am fully familiar with the Debtor's Property, broker and related agreements, and books and records. I have reviewed the filed proofs of claim, the documents and agreements submitted in support of the filed proofs of claim and examined the books and records maintained by the Debtor in the ordinary course of its business that reflect, amongst other things, the amounts owed to the Debtor's creditors.

    3)    The Debtor's books and records do not reflect any amounts due and owing Albert Wilk for furniture and attorneys fees.

{00614398.DOC;1 }

4)       For all of the foregoing reasons and as set forth in the Objection and the exhibits attached hereto, it is respectfully requested that this Court grant the Debtor the relief sought in the Application, and grant the Debtor such other relief as this Court may deem just and proper.

/s/ Jacob Pinson
Jacob Pinson

{00614398.DOC;1 }