UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  Hearing Date:
                                                                        Hearing Time:
                                                                        Chapter 11
                                                                        Case No. 12-46321(ESS)

*In re:*

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC,


----------------------------------------------------------------X


OBJECTION OF METROPOLITAN ESTATES and METROPOLITAN ESTATES IN A DERIVATIVE CAPACITY on BEHALF OF EMMONS AVENUE LLC to the DEBTOR'S MOTION FOR AN ORDER EXPUNGING, REDUCING AND /OR DISALLOWING CLAIM NOs 8 & 9

TO:   THE HONORABLE ELIZABETH S. STONG,

        UNITED STATES BANKRUPTCY JUDGE:

Creditors, Albert Wilk D/B/A Wilk RE, Alex Dikman, and Metropolitan Estates, Inc.(all references to Metropolitan herein shall include Dikman and Wilk individually) hereby object to the Motion of Emmons- Sheepshead Bay Development LLC for an Order Expunging, Reducing and or Disallowing Claim No.8 Filed by Metropolitan Estates, and Claim No.9 Filed by Metropolitan Estates, Inc. In a Derivative Capacity on Behalf of Emmons Avenue, LLC.

11

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §1391(b) and (c) This objection is a core proceeding pursuant to 28 § U.S.C.§157 (b)(2)(B). Proponent of the Motion for an Order to Expunge a Claim (Hereinafter the "Movant") is the Debtor in a Bankruptcy proceeding under Chapter 11 of the Bankruptcy Code and a Motion for an Order to Expunge a Claim is clearly an "allowance or disallowance of claims against the estate or exemptions from property of the estate…"

## PROCEDURAL BACKGROUND

1. On August 30th, 2012 (the "Petition Date"), the Debtor commenced this case by filing a voluntary Chapter 11 petition (the "Petition") See Doc 1.

2. On November 7th, 2012, the Debtor, by its' attorneys filed a Notice of Deadline requiring filing of Proofs of Claim and Proofs of Interest on or Before December 18, 2012. See Doc 17-1.

3. On February 1, 2012 the Plan of Reorganization of Emmons-Sheepshead Bay Development LLC was filed by the Debtor. See Doc 44.

4. Notice of Motion and Motion for entry of order I) Approving disclosure statement, fixing time for filing acceptances or rejections of debtor's plan or reorganization and fixing the time for the confirmation hearing and II) Granting related relief, was filed by the Debtor on February 1, 2013. See Doc 46-1.

5. On February 28th, 2013, Metropolitan has filed a contemporaneous motion for an examination under Rule 2004 of the United States Bankruptcy Court and production of documents, of the Debtor, Emmons Avenue LLC, Jacob Pinson and T.D.

Bank N.A. The information sought has a direct bearing on the administration of the Debtor's estate.

6. On March 11, 2013, Debtor filed Motions for an Order Expunging, Reducing and/or Disallowing Claim No. 8 filed by Metropolitan Estates, Inc. and Claim No.9 filed by Metropolitan Estates, Inc. in a derivative Capacity on Behalf of Emmons Avenue, LLC and Granting Related Relief.

7. On April 5th, 2013, Debtor filed contemporaneously Objection to Metropolitan's motion for a Rule 2004 examination, a Second Amended Financial Disclosure Statement and a Second Amended Chapter 11 Plan for a Reorganization.

8. Albert Wilk d/b/a Wilk RE submits herein an objection to the Motions for an Order Expunging and/or Disallowing Claim 10. Objections to Motions for an Order Expunging or Disallowing all other Claims of Alex Dikman, Metropolitan and Metropolitan on behalf of Emmons Ave LLC in a Derivative Capacity and Albert Wilk individually are being filed contemporaneously.

9. Metropolitan is also preparing an objection to the Second Amended Financial Disclosure Statement and Second Amended Chapter 11 Plan for a Reorganization.

10. It must further be noted, that information crucial to the claims discussed herein is sought to be obtained in the course of the earlier requested 2004

examinations, in which the U.S. Trustee's Office has expressed an interest in participating.

## ALBERT WILK D/B/A/ WILK REAL ESTATE, LTD CLAIM NO.10

11. As previously submitted, with regard to the Wilk RE Proof of Claim No. 10 for $331,288.36, the December 1, 2004 sales brokerage agreement supports the entitlement of Albert Wilk d/b/a Wilk Real Estate LTD to brokerage commissions. As further provided in exhibit B, the claim is further supported by the breakdowns of all amounts that were to be received according to the contracts and the actual amounts that were received. Further cover letters from the attorney for the Condominium, David Frankel, with copies of checks pertaining to each closing, have been submitted herein as exhibit B.

12. Albert Wilk d/b/a/ Wilk Real Estate, respectfully submits that the Debtor's contention that the amount of $1,459,521 said to have been paid to him is erroneous, in part because it appears that the commissions paid to Metropolitan appear to have been included in the calculation of this amount.

13. An affirmation of Alex Dikman is attached hereto and incorporated herein.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Metropolitan respectfully submits that the Motion for an order Expunging, Reducing and /or Disallowing Claim No.10 should be denied.

Based on the foregoing and based on any other reasons Wilk RE may state on the record at any hearing held in respect of this Objection, Wilk RE respectfully requests that the Court enter an order, sustaining this Objection and denying the Motion for an order Expunging, Reducing and/or Disallowing Claims No. 10 and granting to Wilk RE such other and further relief as this Court may deem just and proper.

Dated: April 7, 2013

Brooklyn, New York

Respectfully Submitted,
Law Offices of Alla Kachan, P.C.
By: Alla Kachan

#15 Brighton Beach Ave., 2nd floor
Brooklyn, NY, 11235

Tel No. (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Hearing Date: April 11, 2013
                                                               Hearing Time: 9:30am
                                                               Chapter 11
                                                               Case No. 12-46321(ESS)

In re:

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC,



-----------------------------------------------------------X


OBJECTION OF ALEX DIKMAN to the DEBTOR'S MOTION FOR AN ORDER EXPUNGING, REDUCING AND /OR DISALLOWING CLAIM NO. 13

TO:   THE HONORABLE ELIZABETH S. STONG,
      UNITED STATES BANKRUPTCY JUDGE:

Creditors, Albert Wilk D/B/A Wilk RE, Alex Dikman, and Metropolitan Estates, Inc.(all references to Metropolitan herein shall include Dikman and Wilk individually) hereby object to the Motion of Emmons- Sheepshead Bay Development LLC for an Order Expunging, Reducing and or Disallowing Claim No.8 Filed by Metropolitan Estates, and Claim No.9 Filed by Metropolitan Estates, Inc. In a Derivative Capacity on Behalf of Emmons Avenue, LLC.

JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §1391(b) and (c) This objection is a core proceeding pursuant to 28 § U.S.C.§157 (b)(2)(B). Proponent of the Motion for an Order to Expunge a Claim (Hereinafter the "Movant") is the Debtor in a Bankruptcy proceeding under Chapter 11 of the Bankruptcy Code and a Motion for an Order to Expunge a Claim is clearly an "allowance or disallowance of claims against the estate or exemptions from property of the estate…"

## PROCEDURAL BACKGROUND

1. On August 30th, 2012 (the "Petition Date"), the Debtor commenced this case by filing a voluntary Chapter 11 petition (the "Petition") See Doc 1.

2. On November 7th, 2012, the Debtor, by its' attorneys filed a Notice of Deadline requiring filing of Proofs of Claim and Proofs of Interest on or Before December 18, 2012. See Doc 17-1.

3. On February 1, 2012 the Plan of Reorganization of Emmons-Sheepshead Bay Development LLC was filed by the Debtor. See Doc 44.

4. Notice of Motion and Motion for entry of order I) Approving disclosure statement, fixing time for filing acceptances or rejections of debtor's plan or reorganization and fixing the time for the confirmation hearing and II) Granting related relief, was filed by the Debtor on February 1, 2013. See Doc 46-1.

5. On February 28th, 2013, Metropolitan has filed a contemporaneous motion for an examination under Rule 2004 of the United States Bankruptcy Court and production of documents, of the Debtor, Emmons Avenue LLC, Jacob Pinson

and T.D. Bank N.A. The information sought has a direct bearing on the administration of the Debtor's estate.

6. On March 11, 2013, Debtor filed Motions for an Order Expunging, Reducing and/or Disallowing Claim No. 8 filed by Metropolitan Estates, Inc. and Claim No.9 filed by Metropolitan Estates, Inc. in a derivative Capacity on Behalf of Emmons Avenue, LLC and Granting Related Relief.

7. On April 5th, 2013, Debtor filed contemporaneously Objection to Metropolitan's motion for a Rule 2004 examination, a Second Amended Financial Disclosure Statement and a Second Amended Chapter 11 Plan for a Reorganization.

8. Metropolitan submits herein an objection to the Motions for an Order Expunging and/or Disallowing Alex Dikman's Claim No.13 Objections to Motions for an Order Expunging or Disallowing all other Claims of Metropolitan, Metropolitan on behalf Emmons ave. LLC in a Derivative Capacity, Albert Wilk d/b/a/ Wilk Real Estate and Albert Wilk individually are being filed contemporaneously.

9. Metropolitan is also preparing an objection to the Second Amended Financial Disclosure Statement and Second Amended Chapter 11 Plan for a Reorganization.

10. It must further be noted, that information crucial to the claims discussed herein is sought to be obtained in the course of the earlier

requested 2004 examinations, in which the U.S. Trustee's Office has expressed an interest in participating.

## ALEX DIKMAN CLAIM NO.13.

11. The Alex Dikman Proof of Claim is valid, as I was personally named as a creditor in the Debtor's schedule F in the Debtor's Voluntary Petition for Chapter 11 Reorganization. As the Debtor has listed me as a creditor in my personal capacity, I have submitted a claim in my personal capacity in addition to my claim on behalf of Metropolitan Estates Inc.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Metropolitan respectfully submits that the Motion for an order Expunging, Reducing and /or Disallowing Claims No. 13 should be denied.

Based on the foregoing and based on any other reasons Metropolitan may state on the record at any hearing held in respect of this Objection, Metropolitan respectfully requests that the Court enter an order, sustaining this Objection and denying the Motion for an order Expunging, Reducing and/or Disallowing Claims No. 13 and granting to Metropolitan such other and further relief as this Court may deem just and proper.

Dated: April 7, 2013

Brooklyn, New York

                                   Respectfully Submitted,
                                   Law Offices of Alla Kachan, P.C.
                                   By: Alla Kachan

                                   415 Brighton Beach Ave., 2nd floor
                                   Brooklyn, NY, 11235

                                   Tel No. (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X   Hearing Date:
                                                                Hearing Time:
                                                                Chapter 11
                                                                Case No. 12-46321(ESS)

*In re:*

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC,

------------------------------------------------------------X

OBJECTION of ALBERT WILK to the DEBTOR'S MOTION FOR AN ORDER EXPUNGING, REDUCING AND /OR DISALLOWING CLAIM NO 11

TO: THE HONORABLE ELIZABETH S. STONG,
    UNITED STATES BANKRUPTCY JUDGE:

Creditors, Albert Wilk D/B/A Wilk RE, Alex Dikman, and Metropolitan Estates, Inc.(all references to Metropolitan herein shall include Dikman and Wilk individually) hereby object to the Motion of Emmons- Sheepshead Bay Development LLC for an Order Expunging, Reducing and or Disallowing Claim No.11 Filed by Albert Wilk.

JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §1391(b) and (c) This objection is a core proceeding pursuant to 28 § U.S.C.§157 (b)(2)(B). Proponent of the Motion for an Order to Expunge a Claim (Hereinafter the "Movant") is the Debtor in a Bankruptcy proceeding under Chapter 11 of the Bankruptcy Code and a Motion for an Order to Expunge a Claim is clearly an "allowance or disallowance of claims against the estate or exemptions from property of the estate..."

## PROCEDURAL BACKGROUND

1. On August 30th, 2012 (the "Petition Date"), the Debtor commenced this case by filing a voluntary Chapter 11 petition (the "Petition") See Doc 1.

2. On November 7th, 2012, the Debtor, by its' attorneys filed a Notice of Deadline requiring filing of Proofs of Claim and Proofs of Interest on or Before December 18, 2012. See Doc 17-1.

3. On February 1, 2012 the Plan of Reorganization of Emmons-Sheepshead Bay Development LLC was filed by the Debtor. See Doc 44.

4. Notice of Motion and Motion for entry of order I) Approving disclosure statement, fixing time for filing acceptances or rejections of debtor's plan or reorganization and fixing the time for the confirmation hearing and II) Granting related relief, was filed by the Debtor on February 1, 2013. See Doc 46-1.

5. On February 28th, 2013, Metropolitan has filed a contemporaneous motion for an examination under Rule 2004 of the United States Bankruptcy Court and production of documents, of the Debtor, Emmons Avenue LLC, Jacob Pinson and T.D.

Bank N.A. The information sought has a direct bearing on the administration of the Debtor's estate.

6. On March 11, 2013, Debtor filed Motions for an Order Expunging, Reducing and/or Disallowing Claim No. 8 filed by Metropolitan Estates, Inc. and Claim No.9 filed by Metropolitan Estates, Inc. in a derivative Capacity on Behalf of Emmons Avenue, LLC and Granting Related Relief.

7. On April 5th, 2013, Debtor filed contemporaneously Objection to Metropolitan's motion for a Rule 2004 examination, a Second Amended Financial Disclosure Statement and a Second Amended Chapter 11 Plan for a Reorganization.

8. Albert Wilk submits herein an objection to the Motions for an Order Expunging and/or Disallowing Claim 11. Objections to Motions for an Order Expunging or Disallowing all other Claims of Alex Dikman, Metropolitan and Metropolitan on behalf of Emmons Ave LLC in a Derivative Capacity and Albert Wilk individually are being filed contemporaneously.

9. Metropolitan is also preparing an objection to the Second Amended Financial Disclosure Statement and Second Amended Chapter 11 Plan for a Reorganization.

10. It must further be noted, that information crucial to the claims discussed herein is sought to be obtained in the course of the earlier requested 2004

examinations, in which the U.S. Trustee's Office has expressed an interest in participating.

### ALBERT WILK CLAIM NO.11

11. As previously submitted, with regard to the Wilk Proof of Claim No. 11 for $3,500, the amount in question was incurred in the course of rendering of professional services pursuant to the Broker Comissions agreement. While the particular expenses were not specifically contracted for, they were incurred as became necessary in the course of the services being rendered.

12. An affirmation of Alex Dikman with respect thereto is attached and incorporated herein.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Metropolitan respectfully submits that the Motion for an order Expunging, Reducing and /or Disallowing Claim No.11 should be denied.

Based on the foregoing and based on any other reasons Albert Wilk may state on the record at any hearing held in respect of this Objection, Albert Wilk respectfully requests that the Court enter an order, sustaining this Objection and denying the Motion for an order Expunging, Reducing and/or Disallowing Claims No. 11 and granting to Albert Wilk such other and further relief as this Court may deem just and proper.

Dated: April 7, 2013

Brooklyn, New York

                            Respectfully Submitted,
                            Law Offices of Alla Kachan, P.C.
                            By: Alla Kachan

                            415 Brighton Beach Ave., 2nd floor
                            Brooklyn, NY, 11235

                            Tel No. (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC

Hearing Date: April 11, 2013
Hearing Time: 9:30am
Chapter 11
Case No. 12-46321

---------------------------------------------------------x

## AFFIRMATION OF ALEX DIKMAN IN SUPPORT OF OBJECTION TO DEBTOR'S MOTION TO REDUCING, EXPUNGING CLAIMS NO. 8 FILED BY METROPOLITAN ESTATES, INC., CLAIM NO. 9 FILED BY METROPOLITAN ESTATES, INC. CLAIM NO. 10 FILED BY ALBERT WILKD/B/A WILK REAL ESTATE, LTD., WILK REAL ESTATE LTD., AND WILK REAL ESTATE I, LLC. CLAIM NO. 11 FILED BY ALBERT WILK. CLAIM NO. 13 FILED BY ALEX DIKMAN IN A DERIVATIVE CAPACITY ON
## BEHALF OF EMMONS AVENUE, LLC

**Alex Dikman** affirms the following:

1) I am the managing member of **Metropolitan Estates Inc.**, and I am submitting this affirmation in support of the Debtor's objection (the "Objection") to Proof of Claim No. 8 filed by Metropolitan Estates, Inc., and Proof of Claim No. 9 by Metropolitan Estates, Inc. in a derivative Capacity on behalf of **Emmons Avenue, LLC**(collectively, the "Claims").

2) I am personally familiar with the debtor's facts and circumstances surrounding the execution of the Operating Agreement of Emmons Ave. LLC and the Amended Operating Agreement between Metropolitan and the Debtor. I was also present at the time of the negotiations of the Commissions agreement for Wilk Real Estate D/B/A Albert Wilk. The Metropolitan Proof of Claims are valid, as supported by the breakdowns provided as exhibits B and C herein.

3) I was a party to the Supreme Court Action in which the court upheld the Notice of Pendency and the derivative claims of Metropolitan on behalf of Emmons Ave.

LLC due the indicia of fraud found in the actions of parties bearing fiduciary duties to Emmons Ave. LLC members. Namely, those actions were the increase of the secured debt without Metropolitan's knowledge by $7,000,000 and transferring the sole asset of Emmons Ave. LLC to Emmons Sheepshead for no consideration.

4) The Metropolitan claim in a Derivative Capacity on behalf of Emmons Ave. LLC is valid because as the court indicated in the Supreme Court action, the property was transferred as a result of what appears to be a fraudulent conveyance which may merit reversal. Since the property was transferred in its' entirety, for no consideration, the amount of claim no. 9 is valid.

5) The Wilk Real Estate Proof of Claim is supported by the commissions agreement submitted earlier as well as the breakdowns and copies of checks provided as exhibits B and C herein.

6) Furthermore, as seen from the breakdowns provided, there came a time when an oral agreement was made to increase the amounts of Metropolitan's commissions to 5%. This change resulted in the discrepancies between amounts already paid and amounts currently owe.

7) The Alex Dikman Proof of Claim is valid, as I was personally named as a creditor in the Debtor's schedule F in the Debtor's Voluntary Petition for Chapter 11 Reorganization.

8) The Albert Wilk proof of claim is a valid claim for purchases and expenses incurred in the course of rendering professional services in accordance with the commission's agreement.

For all of the foregoing reasons and as set forth in the Objection to Motion for an Order Reducing, Disallowing, or Expunging Claim Nos.8 and 9, 10, 11 and 13.

Dated: April 8, 2013
       Brooklyn, New York

                                                              Alex Dikman