UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

In re:

EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC,


----------------------------------------------------------------------X


OBJECTION OF ALBERT WILK d/b/a WILK RE, ALEX DIKMAN AND METROPOLITAN ESTATES TO THE SECOND AMENDED DISCLOSURE STATETEMENT FOR SECOND PLAN OF REORGANIZATIN OF EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC

TO:   THE HONORABLE ELIZABETH S. STONG,
      UNITED STATES BANKRUPTCY JUDGE:

Creditors, Albert Wilk D/B/A Wilk RE, Alex Dikman, and Metropolitan

Estates, Inc.(all references to Metropolitan herein shall include Dikman and Wilk

individually)  hereby  object to the approval of the Second Amended Disclosure

Statement for Second Amended Plan of Reorganization of Emmons- Sheepshead Bay

Development LLC because the Chapter 11 Plan of Reorganization Filed by the Debtor

Emmons-Sheepshead Bay Development (the Plan) that it describes cannot be

confirmed, and because it does not contain adequate information as the same is

required by Section 1125(b) of Title 11 of the United States Code, 11 USC §101 et seq.

(the Bankruptcy Code).

PROCEDURAL BACKGROUND

1.      On August 30th, 2012 (the "Petition Date"), the Debtor commenced this

11

case by filing a voluntary Chapter 11 petition (the "Petition") See Doc 1.

2.    On November 7th, 2012, the Debtor, by its' attorneys filed a Notice f Deadline requiring filing of Proofs of Claim and Proofs of Interest on or Before December 18, 2012. See Doc 17-1.

3.    On February 1, 2012 the Plan of Reorganization of Emmons-Sheepshead Bay Development LLC was filed by the Debtor. See Doc 44.

4.    Notice of Motion and Motion for entry of order I) Approving disclosure statement, fixing time for filing acceptances or rejections of debtor's plan or reorganization and fixing the time for the confirmation hearing and II) Granting related relief, was filed by the Debtor on February 1, 2013. See Doc 46-1.

5.    On February 28th, 2013, Metropolitan has filed a contemporaneous motion for an examination under Rule 2004 of the United States Bankruptcy Court and production of documents, of the Debtor, Emmons Avenue LLC, Jacob Pinson and T.D. Bank N.A. The information sought has a direct bearing on the administration of the Debtor's estate.

6.    On March 11, 2013, Debtor filed Motions for an Order Expunging, Reducing and/or Disallowing Claim No. 8 filed by Metropolitan Estates, Inc. and Claim No.9 filed by Metropolitan Estates, Inc. in a derivative Capacity on Behalf of Emmons Avenue, LLC and Granting Related Relief.

7.    On April 5, 2012, the Debtor filed a Second Amended Disclosure statement for Second Amended Plan of Reorganization of Emmons-Sheepshead Bay Development LLC, and a Second Amended Plan of Reorganization of Emmons-Sheepshead Bay Development LLC.

8.    Metropolitan is also preparing an objection to the Second Amended Financial

9.    It must further be noted, that information crucial to the claims discussed herein is sought to be obtained in the course of the earlier requested 2004 examinations, in which the U.S. Trustee's Office has expressed an interest in participating.

## METROPOLITAN'S OBJECTIONS TO THE DISCLOSURE STATEMENT

### A. THE DISCLOSURE STATEMENT DESCRIBES A PLAN THAT IS NOT CAPABLE OF BEING CONFIRMED

10.Metropolitan respectfully objects to the Disclosure Statement because the Plan described cannot be confirmed.

11.It is well settled that a disclosure statement should not be approved when the plan of reorganization that it describes is not capable of being confirmed.  See In re Quigley Co., Inc., 377 B.R. 110, 115-116 (bankr. S.D.N.Y. 2007).  For the reasons set for the herein the Plan is unconfirmable and the Court should not approve the Disclosure Statement.

12. Pursuant to Section 1129(a)(11) of the Bankruptcy Code, a proponent of a reorganization plan is required to demonstrate that the "confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successors to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C.§1129 (a)(11).  This is commonly referred to as requiring that the proponent demonstrate the feasibility of its' reorganization plan.  See, e.g., In

re DBSD North America, Inc., No. 09-13061 (REG), 2009 WL 3491060, at *16 (Bankr.S.D.N.Y. Oct. 26, 2009).

13. In the instant case, the proponent of the plan acknowledges that even though liquidation is not proposed in the Plan, it is possible that liquidation may become necessary.

14. In determining whether a plan of reorganization is feasible, a bankruptcy court may consider many factors, including

> (1) The adequacy of the capital structure; (2) the earning power of the business; (3) economic conditions; (4) ability of management; (5) the probability of the continuation of the same management; and (6) any other related matter which determines the prospects of a sufficiently successful operation to enable performance of the provisions of the plan. In Re Hurricane Memphis, LLC, 405 B.R> 616, 624-625 (Bankr. W.D. Tenn 2009) (citing Teamsters National Freight Indus. Negotiating Comm. v. U.S. Truck Co., In.,) 800 F.2d 581 , 589(6th Cir. 11986)(citation omitted)).

15. Under the foregoing standards, the plan at hand presents serious problems. The plan seems to rely entirely on the future sales of remaining units of the Breakers Condominium. The Plan does not take into account the rapidly declining value of waterfront properties in the aftermath of Hurricane Sandy as well as continually poor economic conditions and a severely impacted real estate market. These factors bring into question the adequacy of the capital structure as well as the

11

earning power aspects, even after extensive repairs of hurricane damage are undertaken . Metropolitan objects in that that the Debtor has not demonstrated the feasibility of funding the Plan as per its' projections, since the main source of projected funds is highly questionable.

16.In as much as Jacob Pinson will continue to carry on a managing role, in light of previous mismanagement of funds and continuous defaults, the feasibility of the plan if Emmons-Sheepshead continues to be directly or indirectly managed by the same parties, must similarly be seriously brought to question.

17. Admittedly, courts have found that a plan of reorganization need not guarantee success. See Hurricane Memphis, 405 B.R. at 625. Rather, it must present a "reasonable assurance" of success. Kane v. Johns-Manville Corp., 843 F2d 636, 649(2d Cir.1988).

18.The proponent of the plan seems to impose as unreasonable restriction on the rights of creditors in providing " claims based on the conduct of the Debtor's business affairs… prior to the commencement of the Case are barred. Please see p.34 of the Financial Disclosure statement. The procedure set forth by the proponent in the event of its' default under the terms of the Plan is similarly an unacceptable restriction on the rights of the creditors. Courts have found that "default under the terms of a confirmed plan enables all creditors whose claims are treated under the plan to enforce those terms in any court of competent jurisdiction. See In re Xofox Industries, LTD., 241 BR 541, 543 (Bankr. E.D.Mich.1999)

19. In its' amended plan, the Debtor proposes compensation of Jacob Pinson a Consulting agreement, which would entitle him to compensation of $10,000 monthly, with the

restriction that these amounts are payable upon the closing of the individual condominium units. Accrued compensation to Pinson in connection with the Consulting Agreement is payable by SDF after receipt of net sale proceeds from the sale of units, with a maximum aggregate payment totaling $240,000. Furthermore, the Amended Disclosure Statement for Second Amended Plan of Reorganization thereby proposes increasing the Estimated Amount for the class of Administrative Claims for Professional Compensation and Reimbursement from 150,000 to 250,000. Unsecured creditors as a class ( of which Metropolitan is purported to be a part) still stand to receive 100,000, unless SDF receives net sale proceeds of no less than $25,000,000, in which case an additional supplement of $50,000 thousand is added to the fund. Jacob Pinson's compensation is paid after each unit sale and receipt by SDF of net proceeds, regardless of the minimum net sale proceeds received by SDF. The maximum supplement amount to the unsecured creditors class shall be $200,000 and that is contingent on the receipt by SDF of sale proceeds of not less than 30,000,00. Metropolitan respectfully submits that under the facts said insider compensation has been inadequately disclosed and addressed in the Plan. See 11 USC 1129 (a)(5)(B) ; see also 11 USC 101(31)(B) (provides a definition of the "insiders" of a corporate debtor.) In re Mahoney Hawkes, the court found that where possibly excessive compensation was paid and loans made to the Debtor's Principal prior to Petition Date, a significant release of funds to such principal was inappropriate. In re Mahoney Hawkes, LLP, 289 B.R. 285 (Bankr.D. Mass.2002).

## B. THE DISCLOSURE STATEMENT DOES NOT CONTAIN ADEQUATE INFORMATION

11

20. Inasmuch as contemporaneous applications have been made by Metropolitan to obtain extensive document production and examinations, all of the sought information pertains directly to potentially fraudulent assignments and conveyances, unauthorized modifications, undisclosed disbursement and potential syphoning of funds and thus bears directly on the administration the Debtor's estate. In light of the foregoing, the requirements of Section 1125 (b) of the Bankruptcy Code defines "adequate information" as information of a kind and in sufficient detail as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records …" Thus under the instant facts, a thorough examination of the pertinent books and records of the Debtor is crucial for obtaining "adequate information".

## CONCLUSION

WHEREFORE, for the foregoing reasons, Metropolitan respectfully submits that the Financial Disclosure Statement should not be approved. As such, the relief the Debtor seeks relative to te providing of notice of the Disclosure Statemnt and to the solicitation of votes in respect of the Plan should be denied as moot.

Based on the foregoing and based on any other reasons Metropolitan may state on the record at any hearing held in respect of this Objection, Metropolitan respectfully requests that the Court enter an order, sustaining this Objection and denying approval of the Financial Disclosure Statement and granting to Metropolitan such other and further relief as this Court may deem just and proper.

Dated: April 10, 2013

Brooklyn, New York

Respectfully Submitted,
Law Offices of Alla Kachan, P.C.
By: Alla Kachan

_____

415 Brighton Beach Ave., 2nd floor
Brooklyn, NY, 11235

Tel No. (718) 513-3145