A. Mitchell Greene
Robinson Brog Leinwand Greene Genovese
& Gluck P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

**Attorneys for the Debtor and
Debtor in Possession**

Hearing Date: June 27, 2013
Hearing Time: 11:00 a. m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:  :  Chapter 11

**EMMONS-SHEEPSHEAD BAY,
DEVELOPMENT LLC**  :  Case No. 12-46321 (ESS)

           Debtor.  :
----------------------------------------------------------X

## AFFIRMATION OF JACOB PINSON
## IN SUPPORT OF CONFIRMATION OF
## SECOND AMENDED PLAN OF REORGANIZATION
## OF EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC

**JACOB PINSON**, under penalty of perjury, affirms pursuant to the provisions of 28 U.S.C. §1746 as follows:

1. I am the Managing Member of **YACHAD ENTERPRISES LLC, the managing member of EMMONS-SHEEPSHEAD BAY DEVELOPMENT** the debtor and debtor in possession herein (the "Debtor"). In my current capacity, I have been personally involved in the Debtor's restructuring efforts, including, among other things, the development, proposal and submission of the Second Amended Plan of Reorganization of Emmons-

Sheepshead Bay Development LLC (the "Plan"), proposed in the Debtor's chapter 11 case dated April 5, 2013[1] (ECF doc. no. 69).

2. I submit this affirmation in support of confirmation of the Plan. Except as otherwise indicated, all facts set forth in this affirmation are based upon my personal knowledge, my review of relevant documents, my discussions with Debtor's counsel regarding applicable law, or my opinion, based upon my experience and knowledge of the Debtor's history, operation and financial condition. If I were called upon to testify, I could and would testify competently as to the facts set forth herein. I am authorized to submit this affirmation on the Debtor's behalf.

3. On **August 30, 2012** (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York. The Debtor is a Limited Liability Company that owns the real property and improvements thereon located at 3122-3144 Emmons Avenue, Brooklyn, NY (the "Property") and the sponsor of the condominium development at the Property known as The Breakers at Sheepshead Bay Condominium.

4. Since the Petition Date, the Debtor has continued in the possession of its property and management of its business as a debtor-in-possession and, to the best of my

---

1 Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Plan.
{00630216.DOC;1 }

knowledge, information and belief, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and all orders of the Bankruptcy Court during the course of this Chapter 11 case. The Debtor, with the support of its secured creditor, SDF 17 Emmons LLC, ("SDF") has determined that the best way to resolve its chapter 11 case is through the sale of its remaining condominium units, the proceeds of which will be utilized to pay down the secured obligation due SDF and has proposed the Plan which provides for construction of the Property to be completed, the unsold units marketed, and the sale proceeds distributed to pay down SDF's claim. The Plan also provides for an unsecured creditors fund to be established upon the Effective Date of the Plan for pro-rata distribution to holders of Allowed Unsecured Claims.

5. On February 1, 2013, the Debtor filed its Plan of Reorganization (ECF document no. 44); Disclosure Statement for Plan of Reorganization (ECF document no. 45); and its motion for an order approving the disclosure statement (ECF document no. 46). On March 1, 2013, the Debtor filed its Amended Plan of Reorganization (ECF document no. 52) and Amended Disclosure Statement (ECF document no. 54) and on April 5, 2013, the Second Amended Disclosure Statement (the "Disclosure Statement") (ECF document no. 71)and the Plan. By order entered on April 17, 2013 (the "Approval Order") (ECF document no. 88), this Court approved the Disclosure Statement, determining that the Disclosure Statement contained "adequate information" as that term is utilized in section 1125 of the Bankruptcy Code and fixed the time for the confirmation hearing for June 27, 2013 at 11:00 a.m.

6. I am advised by Debtor's counsel that the solicitation materials required to be served by the Approval Order were served upon all of the Debtor's creditors and other parties in interest and that proof of service has been filed with this Court (ECF doc. no. 102). I am further advised by Debtor's counsel that the deadline for objecting to the Plan was June 20, 2013 and that no objections have been received.

7. Under the terms of the proposed Plan, the Debtor will sell the remaining unsold condominium units and the sale proceeds will be applied to pay down the obligations due SDF. In addition, SDF has advanced or will advance the funds necessary to satisfy payments to holders of Administrative Claims of professionals, subject to a cap of $250,000; payment in full to New York City Secured Tax Claims and to establish a $100,000 fund for pro-rata distribution to unsecured claims. The terms of the Plan were the product of arms length negotiations between the Debtor and its creditors, specifically its secured creditor, SDF. I interacted regularly with the Debtor's professionals retained by this Court during the course of the Debtor's case, including in preparing the Plan and Disclosure Statement.

8. On the basis of my responsibilities on behalf of the Debtor, my participation in the Plan process, and my regular discussions with the Debtor's professionals, I believe that the Debtor's Plan has been proposed in good faith. I strongly support confirmation of the Plan over any other alternative that has been considered to date and to the best of my

knowledge and understanding, the provisions of the Plan are in compliance with the applicable laws and orders of this Court.

9. The Plan provides for the sale of the remaining condominium units. The sale proceeds will be utilized to pay down the SDF obligation and SDF has agreed to fund payment in full to holders of Administrative Claims of professionals subject to a cap of $250,000, payment in full to New York City Secured Tax Claims and to establish a $100,000 fund for pro-rata distribution to unsecured claims.

10. I have been advised by Debtor's counsel that creditors in Classes 1 and 2 are being paid in full, are unimpaired, and are deemed to have accepted the Plan. As such, no votes were solicited from holders of claims in classes 1 and 2. I am advised that votes for the impaired classes of claims in classes 3 and 4 were solicited. I am further advised that a ballot certification reflecting that the Plan has been accepted by the requisite number and amount of claimants voting to accept or reject the Plan in the two (2) impaired classes of claims has been filed with this Court (ECF doc. no. __).

11. I am advised that class 5 Interests, which relates to my interest in the Debtor through Yachad Enterprises, LLC, and all other interest holders, are being extinguished, are impaired and are deemed to have rejected the Plan.

## CERTAIN STATUTORY REQUIREMENTS

## A. Classification of Claims (11 U.S.C. §§ 1122, 1123(a)(1))

12. Articles 2 through 5 of the Plan classifies the different types of claims and interests that were affected by the filing of this Chapter 11 case and discloses how such claims will be treated. The Plan divides claims against and interests in the Debtor into five (5) classes and makes provisions for certain unclassified claims, including administrative claims, post-petition tax claims, priority tax claims and bankruptcy fees. The division of the respective claims is based upon their secured position, if any, and the legal ranking with respect thereto, as well as any other relevant criteria.

13. I believe, to the best of my knowledge and based upon information provided by counsel to the Debtor, that valid business, factual and legal reasons exist for the various classes of claims and interests created under the Plan; that the classification of claims and interests in the Plan was not for the purpose of creating a consenting impaired class; and that the Plan does not unfairly discriminate between and among holders of claims or interests. All claims and interests in each class are substantially similar to the other claims and interests, as the case may be, in each such class. The Debtor began the process of classification by separating Claims from Interests and Secured Claims from Unsecured Claims. The treatment of each class of claim or interest is set forth in Articles 4 and 5 of the Plan.

14. The Plan separates each class of claims as follows:
   a. Class 1 consists of Priority Claims which are unimpaired under the Plan.

{00630216.DOC;1}
6

      b. Class 2 consists of the New York City Secured Tax Claims which are unimpaired under the Plan.
      c. Class 3 consists of the SDF 17 Emmons LLC Secured Claim which is impaired under the Plan.
      d. Class 4 consists of Unsecured Claims which are impaired under the Plan.
      e. Class 5 consists of Allowed Interests which are impaired under the Plan.

**B.**     **Specification of Unimpaired Classes (11 U.S.C. Section 1123(a)(2))**

15. Article 4 of the Plan specifies that Classes 1 and 2 are unimpaired under the Plan. Article 5 of the Plan specifies that Classes 3, 4 and 5 are impaired under the Plan.

**C.**     **Treatment of Impaired Classes (11 U.S.C. Section 1123 (a)(3))**

16. Article 5 of the Plan specifies that Class 3 SDF 17 Emmons LLC Secured Claim and Class 4 Unsecured Claims are impaired under the Plan and specifies their treatment under the Plan. Article 5 of the Plan specifies that Class 5 Interest Holders are impaired under the Plan and that as of the Effective Date Allowed Interests shall be extinguished. Accordingly, Class 5 is deemed to have rejected the Plan.

**D.**     **No Discrimination (11 U.S.C. Section 1123 (a)(4))**

17. Articles 4 and 5 of the Debtor's Plan provides for the same treatment for each Allowed Claim or Interest in a particular Class.

**E.**     **Means for Implementation of the Plan (11 U.S.C. Section 1123(a)(5))**

18. The Plan provides for its implementation through the sale of the currently unsold condominium units, the proceeds of which will be utilized to fund payment to SDF on account of its claims and for SDF to advance or fund payment to holders of Administrative Claims of professionals subject to a professional fee cap, and Secured Tax Claims and to establish a $100,000 fund for pro-rata distribution to unsecured claims. The balance of the sale proceeds will be paid to SDF by a "waterfall" on account of their secured claim and administrative claim. The Plan also contains other miscellaneous provisions to aid in the plan's implementation, such as the request for an exemption under section 1146 from any transfer taxes which would otherwise be imposed in connection with a sale of the Property.

F. **Nonvoting Equity Securities (11 U.S.C. Section 1123 (a)(6))**

19. I have been advised by Debtor's counsel that no equity securities will be issued under either the Plan. Accordingly, section 1123 (a)(6) is not applicable to this case.

G. **Selection of Officers and Directors (11 U.S.C. Section 1123 (a)(7))**

20. Post confirmation, equity in the Reorganized Debtor will be issued to and held by a post-confirmation trust or alternatively a plan administrator. Jeffrey Schwartz, Esq. of the law firm Wolf Haldenstein Adler & Herz LLP is to be appointed as the trustee of the post-confirmation trust of the plan administrator.

H. **Permissible Contents of a Plan (11 U.S.C. Section 1123(b))**

21. I am informed by counsel that the Plan also contains a number of provisions that I understand to be permissive, rather than mandatory, under the requirements of the Bankruptcy Code.

22. <u>Impairment of Classes</u>. It is my belief that Claims delineated in Classes 1 and 2 are unimpaired by the Plan and Claims delineated in Classes 3 and 4 and Interests in Class 5 are impaired by the Plan.

23. <u>Assumption of Executory Contracts and Unexpired Leases</u>. It is my understanding that as of the Effective Date, all of the pre-petition executory contracts and unexpired leases of the Debtor shall be rejected except for existing contracts to purchase condominium units.

24. <u>Injunction and Limitation of Liability</u>. I believe to the best of my knowledge and understanding that the inclusion of the injunction and limitation of liability provisions in Sections 9.1 and 9.2 of the Plan, are fair and reasonable, are given for valuable consideration, are necessary for a successful reorganization and are in the best interests of the Debtor and its estate and should be approved.

I. **<u>Compliance with Bankruptcy Code (11 U.S.C. Section 1129(a)(2))</u>**

25. The Debtor has operated as a debtor in possession since the Petition Date and, to the best of my knowledge, information and belief, the Debtor has complied in all

material respects with the applicable provisions of the Bankruptcy Code, and the Bankruptcy Rules, unless otherwise permitted by orders of the Bankruptcy Court.

26. To the best of my knowledge, information and belief, the Debtor has complied with all the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and non-applicable bankruptcy law with respect to its post-petition disclosures and the service of the Plan, Disclosure Statement and order approving the Disclosure Statement.

27. I am advised that the Approval Order, Disclosure Statement and Plan were provided to all of the Debtor's creditors, interest holders and other interested parties in this case.

28. To the best of my knowledge, information and belief, the Debtor has also complied with all other orders of the Bankruptcy Court entered during the pendency of this case and, as of the date hereof, has filed operating reports with the Office of the United States Trustee.

### J. Plan Proposed in Good Faith (11 U.S.C. Section 1129(a)(3))

29. I believe the Plan and the arms length negotiations among the parties in interest, their respective advisers and counsel, leading to the Plan's formulation provides independent evidence of the Debtor's good faith in proposing the Plan.

### K. Payments for Services or Costs and Expenses (11 U.S.C. Section 1129(a)(4))

{00630216.DOC;1 }

30. To the best of my knowledge, information and belief, any payment made or to be made by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with this chapter 11 case, or in connection with the Plan and incident to this chapter 11 case, has been approved by, or is subject to approval of, the Court as reasonable. For example, all fees and expenses incurred by professionals appointed in this chapter 11 case will be subject to the Court's final approval following the filing of final fee applications under section 330 of the Bankruptcy Code. The Debtor will not make or permit any other payments for unpaid fees, costs, or expenses unless and until authorized to do so by the Bankruptcy Court, whether in connection with the confirmation of the Plan or otherwise.

**L.     Directors, Officers, and Trustees (11 U.S.C. § 1129(a)(5))**

31. All Allowed Interests of the Debtor will be extinguished upon the Effective Date. Equity in the Reorganized Debtor will be issued to and held by a post-confirmation trust or alternatively a plan administrator. Jeffrey Schwartz, Esq. of the law firm Wolf Haldenstein Adler & Herz LLP is to be appointed as the trustee of the post-confirmation trust of the plan administrator.

**M.     No Rate Changes (11 U.S.C. § 1129(a)(6))**

32. After confirmation of the Plan, the Debtor's business will not involve rates established or approved by or otherwise subject to, any governmental regulatory commission.

{00630216.DOC;1 }
11

Thus, as I am informed by counsel for the Debtor, section 1129(a)(6) of the Bankruptcy Code is not applicable in this chapter 11 case.

### N. Best Interests of Creditors (11 U.S.C. § 1129(a)(7))

33. The Plan provides for payment to Administrative Claims of professionals subject to a professional fee cap of $250,000, payments in full to Priority Tax Claims, Priority Claims, and New York City Secured Tax Claims and to establish a $100,000 fund for pro-rata distribution to Class 4 unsecured claims and for Allowed Interests to be extinguished. The SDF claims shall be paid by the proceeds received through the sale of individual condominium units over time. A liquidation analysis was included in the Disclosure Statement and I believe it contains an accurate forecast of the value of the Debtor's Property if the Debtor was to be liquidated. In a liquidation scenario, or more likely, the continuation of the state court foreclosure proceeding by SDF, there would be insufficient funds available to satisfy any claim junior to SDF's secured claim, insufficient funds to satisfy SDF's secured claim in full and no funds available for Unsecured Creditors. I believe that each holder of an impaired Claim or Interest in each Class under the Plan has accepted the Plan, or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount of property such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. Accordingly, to the best of my knowledge, information and belief, the best interests test is met with respect to impaired Classes of Claims and Interests under the Plan.

### O. Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8))

34. I am informed that Claims in Classes 1 and 2 are unimpaired under the Plan and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. I am informed that Claims in Classes 3 and 4 are impaired and that Classes 3 and 4 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. With respect to Interest Holders, specifically my interest in the Debtor by Yachad Enterprises, LLC as well as all other equity interests, which shall be extinguished, I am advised that Class 5 Interest Holders are deemed to have rejected the Plan. Notwithstanding the deemed rejection by Class 5, I understand that the Debtor may proceed with confirmation of the Plan because, to the best of my knowledge as informed by counsel for the Debtor, the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims as required by section 1129(b)(1) of the Bankruptcy Code.

P. **Treatment of Certain Priority Claims (11 U.S.C. § 1129(a)(9))**

35. The Plan provides, amongst other things, for the payment in full of certain expenses of administering the Debtor's estate and other claims entitled to statutory priority. Pursuant to Article 2 of the Plan, each Allowed Administrative Claim in each case shall receive (a) Cash in an amount equal to the amount of such Allowed Administrative Claim on the later of the Effective Date, the date payment of such Claim is due under the terms thereof or applicable law, or three business days after such Claim becomes an Allowed Administrative Claim or (b) as may be otherwise mutually agreed in writing between the Debtor or Purchaser

and the holder of such Claim, provided, however, that any Administrative Claims incurred by the Debtor in the ordinary course of its business shall be paid in full or performed by the Debtor in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim and any agreements relating thereto. Thus, the requirements of section 1129(a)(9) of the Bankruptcy Code are satisfied.

36. Section 2 of the Plan provides that each holder of a Priority Tax Claim shall be paid in Cash in full on the Effective Date or as may be otherwise mutually agreed in writing between the Debtor and such Governmental Unit.

37. Article 4 of the Plan provides that Allowed Priority Claims, which are classified as Class 1 Claims, will be paid in Cash in full on the Effective Date, or as may otherwise be agreed in writing between the Debtor and the holder of such Claim.

## Q. Acceptance of Plan by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))

38. Classes 1 and 2 are unimpaired under the Plan and, as I am informed by counsel to the Debtor, are conclusively presumed to have accepted the Plan under 1126(g) of the Bankruptcy Code. Classes 3 and 4 are impaired under the Plan. I am advised that Debtor's counsel has filed with this Court a Certification of Ballots, which discloses that the two (2) impaired classes of claims in this case have voted in favor of confirmation of the Plan. I am informed that with respect to the Plan, these classes are comprised of the Class 3 SDF 17

Emmons LLC Secured Claim and Class 4 Unsecured Claims. Interests in Class 5 are impaired and are deemed to have rejected the Plan.

R. **Feasibility of the Plan (11 U.S.C. § 1129(a)(11))**

39. The Plan is being funded through the sale of the Debtor's individual condominium units and advances from its secured creditor, SDF. I am advised that SDF will provide funds sufficient to satisfy the required Effective Date payments which aggregate approximately $350,000 at or prior to confirmation.

S. **Payment of Fees (11 U.S.C. § 1129 (a)(12))**

40. To the best of my knowledge, information and belief, all fees payable under 28 U.S.C. § 1930 (consisting primarily of quarterly fees payable to the Office of the United States Trustee) have been paid or will be paid on or prior to the Effective Date and thereafter as required until the earlier of the entry of a final decree and the entry of an order dismissing or converting this chapter 11 case.

T. **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**

41. To the best of my knowledge, information and belief, the Debtor has no existing obligations to provide any of those types of retiree benefits for which continued payment is required by section 1129(a)(13) of the Bankruptcy Code.

U. **Fair and Equitable Treatment of Non-Accepting Classes; No Unfair Discrimination (11 U.S.C. § 1129(b))**

42. I am informed that Claims in classes 1 and 2 are unimpaired and conclusively presumed to have accepted the Plan. Claims in classes 3 and 4 are impaired and have voted to accept the Plan. Allowed Interests are impaired as their interests are being extinguished and therefore are deemed to have rejected the Plan. Notwithstanding the deemed rejection by Class 5, I understand that the Debtor may proceed with confirmation of the Plan because, to the best of my knowledge as informed by counsel for the Debtor, the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims as required by section 1129(b)(1) of the Bankruptcy Code.

43. Class 5 comprises the Interests in the Debtor. With respect to equity interests, as I am informed by counsel for the Debtor, "fair and equitable" means that each equity holder (a) will receive or retain property of a value as of the Effective Date of the Plan equal to the greatest of (1) the allowed amount of any fixed liquidation preference to which such holder is entitled; (ii) any fixed redemption price to which such holder is entitled, or (iii) the value of such interest; or (b) the holder of any interest that is junior to the interest of such class will not receive or retain any property under the Plan on account of such junior interest.

44. Class 5 interests would receive nothing in a liquidation. I submit that the Plan does not discriminate unfairly and is fair and equitable with respect to holders of Class 5 interests. To the best of my knowledge, information and belief, the legal rights of Class 5

interest holders are treated consistently with the treatment of other classes whose legal rights are substantially similar and such interest holders do not receive more than they are legally entitled to receive for their interests. No creditor or interest holder junior in right of priority will receive or retain any property on account of their interests.

45. Based upon the foregoing, I believe to the best of my knowledge, information and belief that the Plan satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

## CONCLUSION

46. In summary, to the best of my knowledge, information and belief, the Debtor has formulated, negotiated and proposed a plan that treats all Classes of Claims and Interests fairly, equitably, and reasonably, and effectively accomplishes a restructuring of the Debtor through the sale of the remaining unsold condominium units. As a result, to the best of my knowledge, information and belief, confirmation and consummation of the Plan is in the best interests of the Debtor's estate and will maximize the returns available to creditors. Accordingly, I respectfully request that Plan be confirmed.

47. I declare under penalty of perjury, that the foregoing is true and correct.

**Dated:** New York, New York
June 24, 2012

Jacob Pinson, Managing Member of Yachad Enterprises, LLC,
Managing Member of the Debtor