Alla Kachan, Esq.
Law Offices of Alla Kachan
Attorney for Creditors Albert Wilk d/b/a
WILK RE, Alex Dikman, and
Metropolitan Estates, Inc.
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re                                                              Case No. 12-46321-ESS

EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC,                             Chapter 11

                        Debtor.
-------------------------------------------------------------------X

## OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

Creditors Albert Wilk d/b/a WILK RE, Alex Dikman and Metropolitan Estates, Inc. (hereinafter, collectively "Metropolitan") hereby object to the confirmation of Emmons-Sheepshead Bay Developments, LLC (hereinafter, "Debtor") proposed Second Amended Plan of Reorganization. Firstly, the plan has not been proposed in good faith, as required by 11 U. S. C. §1129(a)(3). Additionally, discovery amongst the parties has not yet been completed. As such, Metropolitan and other creditors do not have adequate information to inform a vote on the debtor's reorganization.

## PROCEDURAL BACKGROUND

1. On August 30, 2012, the debtor commenced this case by filing a voluntary Chapter 11 petition (hereinafter, "Petition"). See ECF Doc. No. 1.

1

2. On November 7, 2012, the debtor, by its attorneys, filed a Notice of Deadline, requiring filing of Proofs of Claim and Proofs of Interest on or before December 18, 2012. See ECF Doc. No. 17-1.

3. On February 1, 2012, a Plan of Reorganization of Emmons-Sheepshead Bay Development LLC was filed by the debtor. See ECF Doc. No. 44.

4. A motion was filed by debtor on February 1, 2013 seeking (i) approval of a disclosure statement, fixing time for filing acceptances or rejections of debtor's plan of reorganization, and fixing the time for the confirmation hearing; and (ii) granting related relief. See ECF Doc. No. 46-1.

5. On February 28, 2013, Metropolitan filed a motion for examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (hereinafter, "FRBP"), and request for production of documents of the Debtor, Emmons Avenue LLC, Jacob Pinson, and T. D. Bank, N. A. A supplemental request for discovery was served on counsel for the debtor seeking certain contracts. The information sought has a direct bearing on the administration of the debtor's estate.

6. On March 11, 2013, the debtor filed motions for an Order expunging, reducing and/or disallowing Claim No. 8, filed by Metropolitan Estates, Inc., and Claim No. 9, filed by Metropolitan Estates, Inc. in a derivative capacity on behalf of Emmons Avenue, LLC, and granting related relief.

7. On April 5, 2012, the debtor filed a Second Amended Disclosure Statement for the Second Amended Plan of Reorganization of Emmons-Sheepshead Bay Development LLC, and a Second Amended Plan of Reorganization of Emmons-Sheepshead Bay Development LLC.

8.  It must be noted that information crucial to the claims discussed herein is sought to be obtained in the course of the previously requested 2004 examinations and request for discovery and inspection, in which the Office of the United States Trustee has expressed interest in participating.

## METROPOLITAN OBJECTS TO CONFIRMATION OF DEBTOR'S PROPOSED SECOND AMENDED PLAN BECAUSE IT IS NOT FILED IN GOOD FAITH

Section 1129(a)(3) of the Bankruptcy Code states that, "[t]he plan has been proposed in good faith and not by any means forbidden by law." The Second Circuit has discussed the good faith test as follows: "[t]he good faith test means that the plan was proposed with honesty and good intentions and with a basis for expecting that a reorganization can be effected." *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir., 1988) (quoting *Koelbl v. Glessing (In re Koelbl)*, 751 F.2d 137, 139 (2d Cir., 1984). "Whether a reorganization has been proposed in good faith must be viewed in the totality of the circumstances, [ . . . ]" *In re Chemtura Corp*, 439 B. R. 561, 608 (Bankr. S.D.N.Y., 2010). "[T]he requirement of Section 1129(a)(3) 'speaks more to the process of plan development than to the content of the plan." Id, at 608, (quoting *In re Bush Indus.*, 315 B. R. 292, 304 (Bankr. W.D.N.Y. 2004). "The bankruptcy judge is in the best position to assess the good faith of the parties' proposals." Id, at 608 (quoting *In re Jasik*, 727 F.2d 1379, 1383 (5th Cir., 1984).

In the instant matter, the debtor's Second Amended Plan of Reorganization has not been made in good faith. Upon the Debtor information and belief, Debtor has not been candid with disclosure of its assets, liabilities, functionality, and dealings. To wit, upon information and belief, the Debtor entered into contracts for sale of certain apartment units where the contract price was not the price that was actually paid out. That is, the Debtor was paid monies "under

the table." Counsel for Metropolitan has requested information and copies of the aforementioned contracts, and to date debtor has not responded to such request.

Moreover, concerning funding for the plan, the debtor relies on capitalization from future sales of condominium units. The Plan, however, does not address nor account for sharply declining values of coastline properties, such as these units, post-Superstorm Sandy, as well as the tightness of today's real estate lending industry. These factors, which have not been addressed by the debtor in its Second Amended Plan, call into question the adequacy of its proposed capitalization, even assuming extensive repairs caused by Superstorm Sandy. Metropolitan objects to confirmation of the Second Amended Plan of Reorganization of Emmons-Sheepshead Bay Development LLC because the debtor has not demonstrated any feasibility of funding the Plan with objective evidence. As per its unfounded projections, the main source of funding for the Plan is highly suspect.

Additionally, it appears that management of the debtor will remain in the hands of the same parties. Inasmuch as Jacob Pinson will continue to carry out a managing role, in light of previous gross mismanagement of funds and reoccurring defaults, the feasibility of the Plan, if the debtor continues to be managed by the same parties, is highly suspect.

The Plan, moreover, proposed by the debtor imposes an unreasonable restriction on the rights of creditors in providing, "claims based on the conduct of the Debtor's business affairs . . . prior to the commencement of the Case are barred." See P.34 of the Financial Disclosure Statement. The procedure set forth by the debtor in the event of its default under the terms of the Plan is an unacceptable restriction on the rights of creditors. Courts have found that, "default under the terms of a confirmed plan enables all creditors whose claims are treated under the plan to enforce those terms in any court of competent jurisdiction." *In re Xofox Indus.*, Ltd., 241 B.

R. 541, 543 (Bankr. E.D.Mich. 1999). Metropolitan further respectfully posits, that a full competent market analysis will reveal that sales exceeding 23 mil are implausible under the circumstances.

Furthermore, in its Second Amended Plan, the debtor proposes compensation of Jacob Pinson via a consulting agreement, which would entitle him to compensation of $10,000.00 per month, with the restriction that these amounts are payable upon the closing of the individual condominium units. Accrued compensation to Jacob Pinson, pursuant to the consulting agreement, is payable by SDF after receipt of net sale proceeds from the sale of units, with a maximum aggregate payment totaling $240,000.00. Furthermore, the Amended Disclosure Statement for the Second Amended Plan of Reorganization thereby proposes increasing the Estimated Amount for the class of Administrative Claims for Professional Compensation and Reimbursement from $150,000.00 to $250,000.00. Unsecured creditors as a class, which Metropolitan is purported to be a part of, stand to receive the unaltered amount of $100,000.00, unless SDF receives net sale proceeds of no less than $25 million, wherein an additional $50,000.00 would be added to the fund for unsecured creditors. Jacob Pinson's compensation is paid after each unit sale and receipt by SDF of net proceeds, regardless of the minimum net sale proceeds received by SDF. The maximum supplement amount to the unsecured creditor class shall be $150,000.00, contingent on the receipt by SDF of sale proceeds of at least $25 million. Metropolitan respectfully submits that under the facts herein, insider compensation has been inadequately disclosed and addressed in the Plan. See 11 U. S. C. 1129(a)(5)(B); see also 11 U. S. C. 101(31)(B) (provides a definition of "insiders" of a corporate debtor). In *In re Mahoney Hawkes*, the Court found that where possibly excessive compensation was paid and loans made

to the debtor's principal prior to the petition date, a significant release of funds to such principal was inappropriate. *In re Mahoney Hawkes, LLP*, 289 B. R. 285 (Bankr. D.Mass. 2002).

## METROPOLITAN OBJECTS TO CONFIRMATION OF DEBTOR'S PROPOSED SECOND AMENDED PLAN BECAUSE IT IS NOT FILED IN GOOD FAITH

Metropolitan further objects to the confirmation of the debtor's proposed Second Amended Plan of Reorganization because discovery is yet to be completed. Section 1129(a)(5) requires that a plan can be confirmed only if

> "(i) the proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and (ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and (B) the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider." 11 U. S. C. § 1129(a)(5)(A), (B).

As has been previously described, the proposed management of the reorganized debtor is highly suspect. Allowing the parties to complete discovery will help to identify whether the proposed management can, in fact, manage the reorganized debtor without, whether by choice or by chance, resulting in further reorganization or liquidation. Further, as the proposed retention of Jacob Pinson via a consulting agreement is highly suspect and leaves unsecured creditor claims jeopardized, confirmation of the plan should be delayed until the parties have completed discovery so creditors may adequately inform their decision.

WHEREFORE, Metropolitan respectfully requests that this Court deny or delay confirmation of the debtor's Second Amended Plan of Reorganization, and for such other relief that this Court may deem just and proper.

Dated: Brooklyn, New York
June 26, 2013

Alla Kachan, Esq.
Law Offices of Alla Kachan
Attorney for Creditors Albert Wilk d/b/a
WILK RE, Alex Dikman, and
Metropolitan Estates, Inc.
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235