**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
:
In re: : Chapter 11
:
EMMONS-SHEEPSHEAD BAY : Case No. 12-46321 (ESS)
DEVELOPMENT LLC, :
:
Debtor. :
-----------------------------------------------------------X

## ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION OF EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC, AS MODIFIED; AND FIXING DEADLINES FOR FILING CERTAIN CLAIMS

   **UPON** the **Motion for Order Approving Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of Plan, Fixing Time for Confirmation Hearing and Granting Related Relief** filed on February 1, 2013 (ECF doc. no. 46); and

   **IT APPEARING THAT,** the Debtor filed a plan and disclosure statement on February 1, 2013 (ECF document nos. 44 and 45); an amended plan and amended disclosure statement on March ~~1~~ _4_, 2013 (ECF document nos. 52 and 54); and a second amended plan (the "Plan") and second amended disclosure statement (the "Disclosure Statement") on April 5, 2013 (ECF document nos. 69 and 71); and

   **UPON** this Court's Order Approving Debtor's Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of Plan and and Fixing Time for  Confirmation Hearing, entered on April 17, 2013 (the "Scheduling Order") (ECF doc. no. 88)  and the affidavit of service filed with respect thereto on May 31, 2013 (ECF doc. no. 102); and

{00631172.DOC;2 }

An objection to the plan having been filed by Metropolitan Estates, Inc., Albert Wilk d/b/a Wilk Real Estate, and Alex Dikman on June 26, 2013 (ECF doc. no. 115); and

**THE** Court having held a hearing on June 27, 2013 to consider the confirmation of the Plan; and

**IT APPEARING THAT**, at the confirmation hearing the Plan was modified on the record at paragraph 5.1 to reflect that the following provisions are deleted in their entirety:

In consideration for the treatment contained herein, and upon receipt by SDF of no less than $23,500,000 of net proceeds from the sale of units, SDF shall release Jacob Pinson's personal guarantee of the SDF loan its mortgage on Jacob Pinson's personal residence.

After the Effective Date, SDF pursuant to a consulting agreement with Jacob Pinson, the managing member of Yachad Enterprises, LLC, the managing member of the Debtor, Jacob Pinson will be engaged by SDF to assist with the development, construction, marketing and sale of the condominium units for a two (2) year period. In connection with the work Pinson performs as a consultant, he shall receive a monthly consulting fee of $10,000 during the two (2) year term of the consulting agreement;

And the following provision is inserted in its stead:

In consideration for the treatment contained herein, and upon receipt by SDF of no less than $22,000,000 of net proceeds from the sale of units, SDF shall release Jacob Pinson's personal guarantee of the SDF loan its mortgage on Jacob Pinson's personal

residence;

(the "Modification"); and the Debtor having moved for confirmation of the Plan as so modified; and

   **IT FURTHER APPEARING THAT** the Modification was consented to by Jacob Pinson, the managing member of Yachad Enterprises, LLC, the managing member of the Debtor; and

   **IT FURTHER APPEARING THAT** no further notice is required and no further objection to the confirmation of the Plan has been filed or raised to the Court's attention; it is now therefore

   **IN ACCORDANCE** with rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support confirmation of the Plan.  To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed.

**The Court Finds and Concludes That:**

**Jurisdiction and Venue**

   1. This civil proceeding arises under sections 1128 and 1129 of title 11 of the United States Code and arises in a case under title 11 of the United States Code.

2.      Jurisdiction over this civil proceeding is vested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code").

3.      This civil proceeding arising under sections 1128 and 1129 of title 11 of the United States Code and arising in a case under title 11 of the United States Code has been referred to this Court pursuant to section 157(a) of the Judicial Code and ***Administrative Order #264,*** the "~~Standing Order of~~ ***The*** Referral of ~~Cases~~ ***Matters*** to ***the*** Bankruptcy Judges" of the United States District Court for the Eastern District of New York, August 28, 1986 (Weinstein, C.J.) as supplemented by the December 5, 2012 order of Chief Judge Carol Bagley Amon.

4.      This is a core proceeding arising under sections 1128 and 1129 of title 11 of the United States Code and arising in a case under the Bankruptcy Code.  See 28 U.S.C. § 157(b)(1).

5.      This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to section 157(b)(1) of title 28 of the United States Code.  See 28 U.S.C. § 157(b)(2)(A), (L) and (O).

6.      Venue of this civil proceeding in this district is proper pursuant to section 1409 of the Judicial Code.

### Disclosure Statement

7.      On April 17, 2013 this Court entered the Scheduling Order, *inter alia*, finding that the Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code, directing the Debtor to solicit ballots accepting or rejecting the

Plan, setting deadlines for the filing of ballots and objections to the Plan, and approving and directing the form and manner of service of notice thereof.

8.      Additionally the Scheduling Order scheduled the Confirmation Hearing to be held to consider whether to confirm the Plan pursuant to section 1128 and 1129 of the Bankruptcy Code.

**Solicitation of Ballots; Objections**

9.      As set forth in the Affidavit of Service filed on May 31, 2013, the Disclosure Statement, the Plan, the Scheduling Order and appropriate form of ballot and notice was served upon all interested parties in the manner required by the Scheduling Order.

10.      All persons, entities and governmental agencies entitled or required to receive notice of the Plan have received due, proper and adequate notice of the hearing on the adequacy of the Disclosure Statement and the confirmation of the Plan.

11.      One objection to confirmation of the Plan was filed by Metropolitan Estates, Inc., Albert Wilk d/b/a Wilk Real Estate and Alex Dikman; and

12.      Lori A. Schwartz filed a Certification of Acceptances and Rejections of Plan, dated June 24, 2013 (the "Ballot Certification") (ECF doc. no. 108).  As set forth in the Ballot Certifications, three (3) classes of claims are impaired by the Plan.  As set forth in the Ballot Certification, the Plan has been accepted by the holders of the impaired claims of creditors classified in Classes 3 and 4.

**The Modification**

13.      The Modification does not (a) constitute a material modification of the

Plan, (b) cause the Plan, as modified herein, to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code, (c) adversely change the treatment of holders of Claims or Interests who have accepted the Plan (other than holders of Claims or Interests who have accepted such modification in writing or in open court), or (d) require resolicitation of acceptances or rejections from any such holders, nor does the Modification require that any such holders be afforded an opportunity to change previously cast acceptances or rejections of the Plan and all references to the Plan hereinafter contained in this Order shall be to the Plan as modified herein.

## Conditions Precedent

14.    All of the conditions precedent to Confirmation, if any, set forth in the Plan have been met or waived on the record in open court.

## Section 1129(a)

15.    The Plan complies with the applicable provisions of the Bankruptcy Code.

16.    The Plan properly classifies Claims and Interests as required by section 1122 of the Bankruptcy Code.

17.    The Claims and Interests within each Class designated under the Plan are substantially similar.

18.    The classification of claims and interests was properly made and is appropriate in accordance with the terms of the Plan and the requirements of section 1122 of the Bankruptcy Code for the purposes of tabulating ballots accepting and rejecting the Plan and for the purposes of distribution of the consideration to be distributed to holders of claims and

interests under the Plan.

19.     The Plan specifies the classes of Claims and Interests that are impaired or not impaired under the Plan, as required by section 1123(a)(2) of the Bankruptcy Code, and specifies the treatment of each class of Claims and Interests that are impaired under the Plan, as required by section 1123(a)(3) of the Bankruptcy Code.

20.     The Plan provides the same treatment for each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment, as required by section 1123(a)(4) of the Bankruptcy Code.

21.     The Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims or Interests that is impaired under, and has not accepted the Plan.

22.     The Plan provides adequate, proper and legal means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code.

23.     The provisions of article 6 of the Plan with respect to the rejection of Executory Contracts and Unexpired Leases are fair and appropriate and are consistent with the provisions of section 365 of the Bankruptcy Code.

24.     The Plan is consistent with the interests of creditors and equity security holders and with public policy as required by sections 1123(a)(6) and 1123(a)(7) of the Bankruptcy Code.

25.     The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, and in particular: the Debtor served copies of the Disclosure Statement, the Plan, the Scheduling Order, ballots and notices as required by the Scheduling

Order; the acceptances and rejections of the Plan of those holders of Allowed Claims and Interests that voted have been duly received and tabulated; and the solicitation and tabulation of acceptances have been accomplished in a proper and fair manner satisfactory to this Court.

26.     No creditor has solicited acceptances of the Plan or participated in the offer, issuance, sale or purchase of securities of the Debtor.

27.     The Plan has been proposed in good faith and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

28.     As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable.

29.     The identity, qualifications and affiliations of the persons proposed to continue to serve, after confirmation of the Plan, as the officers of the Debtor, to the extent known, have been disclosed pursuant to 11 U.S.C. § 1129(a)(5)(B) and such disclosure satisfies the requirements of the Bankruptcy Code.  *See In re American Solar King Corp.*, 90 B.R. 808, 814-17 (Bankr. W.D. Tex. 1988).

30.     The provisions for the appointment to, or continuance in office of, each individual proposed to serve as an officer of the Debtor following the Effective Date is

{00631172.DOC;2 }

consistent with the interests of creditors and equity security holders and with public policy.

31.     There are no rate changes provided for in the Plan, with respect to which rates, a governmental regulatory commission has jurisdiction over the Debtor after confirmation.

33.     With respect to each impaired Class of Claims, each holder of a Claim of such Class has accepted the Plan, or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

34.     No holder of an allowed secured claim has made an election under section 1111(b)(2) of the Bankruptcy Code.

35.     Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that as soon as practicable after the Effective Date: (i) the holders of Claims of a kind specified in section 507(a)(2) of the Bankruptcy Code, will receive on account of such Claims, Cash in full on (i) the later of the Effective Date, the date payment of such claims is due under the terms thereof or applicable law or three business days after such Claim becomes an Administrative Claim or (ii) as may be otherwise mutually agreed in writing between the Disbursing Agent and the holder of such Claim, (ii) each holder of a Claim of a kind specified in Section 507(a)(8) of the Bankruptcy Code, will receive on account of such claim, Cash in full on the Effective Date, except as may be otherwise mutually agreed to writing between the respective Debtor and such Governmental and the holder of each other Claim entitled to Priority pursuant to section 507(a) shall receive payment in cash, in full, on the

the Effective Date.

36.     At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class.

37.     The Debtor has paid or shall pay on or prior to the Effective Date all amounts due under 28 U.S.C. § 1930.

38.     The Debtor does not maintain any Retiree Benefits, as that term is defined in section 1114(a) of the Bankruptcy Code.

**Feasibility**

39.     The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan.

**Transfer Taxes**

40.     The issuance, transfer, or exchange of any security and the making and delivery of any instrument of transfer respecting the transfer of any asset pursuant to or in furtherance of the Plan, including the amended and restated mortgage to be held by the Secured Creditor in accordance with the Plan, individual unit sales that occur after the Effective Date, and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") constitutes "the making or delivery of an instrument of transfer under a plan confirmed under section 1129" within the meaning of section 1146 of the Bankruptcy Code and

{00631172.DOC;2 }

will be free of the imposition of taxes of the kind specified in section 1146 of the Bankruptcy Code.

**IT IS THEREFORE**

**ORDERED** that any and all objections to the Plan not previously resolved or withdrawn, whether filed or not, are overruled; and it is further

**Confirmation**

**ORDERED**, that the Plan, as modified by the Modification, which does not materially adversely affect or change the treatment of claims, and does not require additional disclosure under Section 1125 of the Bankruptcy Code be, and is hereby confirmed; and it is further

**ORDERED,** that the Plan meets each of the requirements of Sections 1129(a), other than Section 1129(a)(8); and it is further

**ORDERED**, that the Plan meets the requirements of Sections 1129(b)(1) and (b)(2)(C) of the Bankruptcy Code; and it is further

**Vesting of Assets**

**ORDERED**, that except as otherwise provided in the Plan (which includes the survival of the Secured Claim in favor of SDF as amended and restated in accordance with the Plan), on the Effective Date all of the assets and properties of the Debtor's Estate shall vest in the Reorganized Debtor, free and clear of all Liens, Claims and encumbrances, and any and all Liens, Claims and encumbrances (other than usual and customary encumbrances such as utility easements and the like) that have not been expressly preserved under the Plan shall be deemed

{00631172.DOC;2 }

extinguished as of such date; and it is further

**ORDERED**, that, except as otherwise provided herein or in the Plan (which includes the survival of the Secured Claim in favor of SDF as amended and restated in accordance with the Plan), and, except for the obligations that are imposed by a Final Order of the Bankruptcy Court, as of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests of Creditors and Interest Holders, including but not limited to the Notice of Pendency filed by Metropolitan Estates, Inc; and it is further

**ORDERED**, that following the Effective Date, the Debtor may operate, buy, use, acquire and dispose of the assets of the Estate and may settle and compromise any claims, interests and causes of action free of any restrictions contained in the Bankruptcy Code or the Bankruptcy Rules; and it is further

### Disbursing Agent

**ORDERED**, that pursuant to the Plan, the Debtor's counsel shall act as the Disbursing Agent; and it is further

### Consummation of the Plan

**ORDERED**, that the Debtor or the Disbursing Agent may enter into such agreements as are deemed by them to be necessary to consummate the Plan without further order of the Court; and it is further

**ORDERED**, that except as specifically provided in the Plan, or this Order, the Debtor and the Disbursing Agent are authorized, directed and empowered to do all things and take all actions reasonably necessary to effectuate the consummation and implementation of the

{00631172.DOC;2 }

Plan, including, but not limited to, executing all documents, filing all requisite documents with appropriate state and local authorities, establishing all accounts, making all distributions and paying all costs in connection with consummating the Plan; and it is further

ORDERED, that any liens held against the Debtor's property by any creditor of the Debtor must be released as a condition to payment of any Allowed Claim held by such creditor; and it is further

ORDERED, that this order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtor; and it is further

ORDERED, that, in furtherance hereof, and in accordance with section 1142(b) of the Bankruptcy Code, the Disbursing Agent is authorized to execute and file and record any satisfaction of lien necessary to effectuate or consummate the terms of the Plan or this Order, in its own name, in the name of the Debtor, or in the name of any necessary party thereto, and each and every federal, state and local governmental agency or department is hereby directed to accept any such document; and it is further

### Executory Contracts and Unexpired Leases

ORDERED, that in accordance with the provisions of article 6 of the Plan, except for contracts to purchase condominium units, effective on and as of the Effective Date, all Executory Contracts and Unexpired Leases to which the Debtor is a party are hereby specifically rejected; and it is further

{00631172.DOC;2 }

**Transfer Taxes; Recording and Filing Documents**

**ORDERED**, that pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer or exchange of any security and the making or delivery of any instrument of transfer in connection with or in furtherance of the Plan, including each individual unit sale that occurs after the Effective Date, shall be exempt and shall not be subject to tax under any law imposing a stamp tax, real estate Transfer Tax, mortgage recording tax or similar tax, including without limitation the mortgage tax in connection with the amended and restated mortgage in favor of SDF in accordance with the Plan, and, to the extent provided by Section 1146 of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax, including without limitation, transfer taxes payable to New York City in accordance with the RPT, transfer taxes payable to New York State in accordance with the TP-584, any mansion tax, and all mortgage recording tax payable by purchasers of respective units, and shall be accepted for filing without payment of such; and it is further

**ORDERED**, that from after the Effective Date, pursuant to section 1146(a) of the Bankruptcy Code, all state and local government agencies, entities or authorities are jointly and severally restrained and enjoined from commencing or continuing any action to collect from the Debtor or its property, any stamp or similar tax within the meaning of section 1146(a) of the Bankruptcy Code with respect to the transactions contemplated or described in the Plan; and it is further

**ORDERED**, that the Office of the Register of the City of New York in Kings County shall record any recordable Transfer Document without the payment of any New York

State Real Estate Transfer Tax imposed under article 31 of the New York Tax Law, any New York City Real Property Transfer Tax imposed under section 11-2102 of the New York City Administrative Code and any other tax within the purview of section 1146(a) of the Bankruptcy Code, including without limitation the mortgage tax in connection with the amended and restated mortgage in favor of SDF in accordance with the Plan; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan and this Order; and it is further

**ORDERED**, that all filing officers are directed to accept for recording or filing and to record or file the Transfer Documents immediately upon presentation thereof without payment of such taxes and without the presentation of any affidavits, instruments or returns otherwise required for recording, and the recording officer is directed to comply with the provisions of this Order; and it is further

## RELEASES AND INJUNCTION

**ORDERED**, that the provisions of the Plan shall bind the Debtor and all creditors and equity security holders of the Debtor; and it is further

**ORDERED**, that except with respect to the obligations required by the Plan, pursuant to section 1125(e) of the Bankruptcy Code, neither the Debtor, nor any of its respective officers, members, managers, employees (acting in such capacity), nor any professional person employed by any of them shall have or incur any liability to any entity for any action taken or

omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, and the Disclosure Statement or any other action taken or omitted to be taken in connection with the Plan except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts; and it is further

**ORDERED**, that nothing contained herein shall (i) limit the liability of any released person for any debt owed to the United States Government or any of its agencies, any state, city or municipality arising under (a) the Internal Revenue Code or any state, city or municipal tax code (b) the environmental laws of the United States or any state, city or municipality or (c) any criminal laws of the United States, any state, city or municipality; or (ii) limit the liability of the Debtor's professionals pursuant to DR-6-102 of the Code of Professional Liability; and it is further

**ORDERED,** that, except as otherwise provided in the Plan, this Order, or any other order of the Bankruptcy Court (including the rights of SDF to enforce its rights under its amended and restated mortgage pursuant to the Plan), on and after the Confirmation Date all non-Debtor entities and individuals are permanently enjoined from commencing or continuing in any manner, or otherwise prosecuting, any action or proceeding, whether directly, derivatively or otherwise, on account of or respecting any claim, debt, right, cause of action, or liability that is released or to be released pursuant to the Plan; and it is further

**ORDERED,** that, the foregoing injunction shall apply to the holder of a debt, claim or interest, whether or not a proof of claim was filed or deemed filed, whether such claim was allowed, whether or not the holder of such claim accepted the Plan, and whether or not the right to payment was reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; and it is further

### Statutory and Professional Fees

**ORDERED**, that the Reorganized Debtor shall pay any amounts due subsequent to confirmation of the Plan under 28 U.S.C. § 1930 in accordance with the terms of that section and the Debtor shall file all required reports; and it is further

### Retention of Jurisdiction

**ORDERED**, that the Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date and thereafter, and matters provided for in Article 11 of the Plan, including, but not limited to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim or Interest and such other matters as are provided for in the Plan; and it is further

### Notice Provisions and Claims Bar Dates

**ORDERED**, that notice of the entry of this Order in the form of Exhibit A hereto, which form is hereby approved, shall be mailed by the Debtor to all of its creditors, equity security holders, and other such parties as are entitled to notice within ten days of the date of entry this Order; and it is further

**ORDERED**, that any claims of a kind specified in Article 2 of the Plan that are

not filed on or before the deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred; neither the Debtor, nor its estate, nor any disbursing agent, nor any officer, member, manager, employee or professional person employed by any of the foregoing shall have any liability therefor or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against the Debtor, its estate, any disbursing agent, any officer, member, manager, employee or professional person employed by any of the foregoing, or its respective property, whether any such claim is deemed to arise prior to, on or subsequent to the Effective Date; and it is further

**ORDERED**, that, except as otherwise hereafter directed by the Court, notice of all subsequent pleadings in this case shall be limited to (i) the Debtor, (ii) Debtor's counsel, (iii) the United States Trustee, and (iv) any party affected by the relief sought; and it is further

**ORDERED**, that as provided by Bankruptcy Rule 3020(e), this Order shall not be automatically stayed, but shall be effective and enforceable immediately upon the signing of this Order.



**Dated: Brooklyn, New York**
**July 3, 2013**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**