Alla Kachan, Esq.
Law Offices of Alla Kachan
Attorney for Creditors Albert Wilk d/b/a
WILK RE, Alex Dikman, and
Metropolitan Estates, Inc.
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                                    Case No. 12-46321-ESS

Emmons-Sheepshead Development LLC              Chapter 11

                        Debtor.
-------------------------------------------------------------X

### MOTION PURSUANT TO FRBP 7037(a)(1) TO COMPEL A RESPONSE TO DISCOVERY REQUESTS

Creditors Albert Wilk d/b/a WILK RE, Alex Dikman, and Metropolitan Estates, Inc. (hereinafter, collectively "Metropolitan"), files this motion pursuant to Rule 7037(a) of the Federal Rules of Bankruptcy Procedure (hereinafter, "FRBP") to compel the debtor, Emmons-Sheepshead Bay Development, LLC (hereinafter, "Debtor") to produce certain documents responsive to document requests that Metropolitan made in a Request for Discovery and Inspection, pursuant to FRBP 7026 and FRBP 7034.

### I.      Preliminary Statement

Metropolitan has a pressing need to obtain documents from the debtor, who is holding documents and materials responsive to Metropolitan's request for discovery and inspection. In particular, the debtor has refused to produce documents concerning pre-petition expenditures, as well as pre-petition communications of principals of the debtor. Metropolitan therefore moves to compel production of documents responsive the Metropolitan's previous request. Counsel for

1

Metropolitan certifies that, pursuant to LBR 7007-1, counsel for Metropolitan consulted by telephone and email with counsel for the debtor in a good faith attempt to resolve differences. The parties, however, have been unable to reach accord.

Particularly, discovery in this case, as set out by a scheduling order of this Court dated April 26, 3013, has been slowed as the parties have been attempting to negotiate a settlement. As the deadline for discovery approaches, the debtor is now making it clear that no settlement of issues is likely. It is suspect whether the debtor "engaged in negotiation" as a delay tactic, as suddenly no prospect of resolution of issues appears likely. As the proposed Second Amended Plan of Reorganization calls for many of the same pre-petition principals to be involved in the management of the reorganized debtor, full and candid disclosure and responsiveness is required by the creditors so they may be adequately informed about the proposed plan.

Debtor's Lack of Responsiveness to Metropolitan's Request for Discovery and Inspection

Rule 26 of the Federal Rules of Civil Procedure govern discovery, and are made applicable to the instant matter by Rule 7026 of the Federal Rules of Bankruptcy Procedure. The standards which govern discovery, whether in bankruptcy court or otherwise, are the same under federal law. "Specifically, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense' . . ." *In re Almatis B.V.*, 9 (Bankr. S.D.N.Y., 2010) (quoting Fed. R. Bankr. P. 7026(b)(1)). "However, Rules 26 does not permit parties to engage in 'fishing expeditions,' but only to distill issues in a case for trial." *Id.*, (citing *Decatur Ventures, LLC v. Stapleton Ventures, LLC*, 373 F. Supp. 2d 829, 843 (S.D. Ind. 2005).

In the instant matter, Metropolitan is seeking nonprivileged information that directly responds to its inquiries concerning its claim in this case, as well as the plan of reorganization proposed by the debtor. Particularly, Metropolitan has requested documents and materials

evidencing expenditures of the debtor pre-petition, as well as communications of some of its principals pre-petition, to see what contributed to the debtor filing for bankruptcy, and whether the plan of reorganization is headed in the same direction.

## SPECIFIC INTERROGATORIES OF METROPOLITAN

**Interrogatory No. 7**: Set forth all amounts received (directly or indirectly) by: (a) Emmons-Sheepshead; (b) any member or manager of Emmons-Sheepshead; (c) Jacob Pinson; (d) Avrohum Pinson; (e) Norman Pinson; (f) Moti Pinson; (g) any other relative of Jacob Pinson from Emmons Avenue, LLC, from its inception to the present. Provide copies of all documents in your actual or constructive possession which support your answer.

**Answer**: Debtor objects to Interrogatory No. 7 as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 8**: Set forth all amounts received (directly or indirectly) by: (a) Emmons Avenue, LLC; (b) any member or manager of Emmons Avenue, LLC; (c) Jacob Pinson; (d) Avrohum Pinson; (e) Norman Pinson; (f) Moti Pinson; (g) any other relative of Jacob Pinson from Emmons- Sheepshead, from its inception to the present. Provide copies of all documents in your actual or constructive possession which support your answer.

**Answer**: Debtor objects to Interrogatory No. 8 as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 9**: Set forth all amounts received (directly or indirectly) by: (a) Emmons Avenue, LLC; (b) any member or manager of Emmons Avenue, LLC; (c) Emmons Sheepshead; (d) any member or manager of Emmons-Sheepshead; (e) Jacob Pinson; (f) Avrohum Pinson; (g) Norman Pinson; (h) Moti Pinson; (i) any other relative of Jacob Pinson from the premises, at any time since any of the defendants first owned the premises to the present. Provide copies of all documents in your actual or constructive possession which support your answer.

**Answer**: Debtor objects to Interrogatory No. 9 as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 25**: Set forth all amounts received by anyone with regard to the rental of any portion of the premises since Emmons Avenue, LLC and/or Emmons-Sheepshead first obtained title to the premises, and identify each rental, the recipient of rent and the amount received with regard to each rental. Provide copies of all documents in your actual or constructive possession which support your answer.

**Answer**: Debtor objects to Interrogatory No. 25 as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 27**: Set forth all amounts paid with regard to maintenance of the premises since Emmons Avenue, LLC and/or Emmons-Sheepshead first obtained title to the

premises, and describe the reason for each payment. Provide copies of all documents in your actual or constructive possession which support your answer.

**Answer**: Debtor objects to Interrogatory No. 27 as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC DOCUMENT REQUESTS OF METROPOLITAN

**Request No. 13:** All financial statements for: (a) Emmons Avenue, LLC; (b) Emmons-Sheepshead; and (c) any limited liability company member of Emmons Avenue, LLC and/or Emmons-Sheepshead from 2004 to present.

**Response**: Debtor objects to this request as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 15**: All documents constituting, mentioning or otherwise referring to communications from Emmons Avenue, LLC and/or Emmons-Sheepshead and/or Jacob Pinson and/or Avrohum Pinson and/or Norman Pinson and/or Moti Pinson to any other person referring or relating to the premises and/or Emmons Avenue, LLC and/or Emmons-Sheepshead occurring at any time between the time that Emmons Avenue, LLC and/or Emmons-Sheepshead first obtained funds or financing to purchase the premises to present.

**Response**: Debtor objects to this request as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests

information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 24**: All documents constituting, mentioning or otherwise referring to all payments of funds and/or expenditures by or on behalf of Emmons-Sheepshead relating to the premises.

**Response**: Debtor objects to this request as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 25:** All bank statements, cancelled checks, wire transfers, and documents constituting, mentioning or referring to any communications relating to any bank account of Emmons Avenue, LLC maintained at any time from the time Emmons Avenue LLC and/or Emmons-Sheepshead first obtained funds or financing to purchase the premises to present.

**Response**: Debtor objects to this request as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 28**: All ledgers, statements of accounts, and other documents referring or relating to income and/or expenditures of Emmons Avenue, LLC at any time from the time that Emmons Avenue, LLC and/or Emmons-Sheepshead first obtained funds and/or financing to purchase the premises to the present.

**Response**: Debtor objects to this request as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests

6

information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 38**: All documents constituting, mentioning or referring to communications between Emmons-Sheepshead and any member or manager or purported member or manager of Emmons-Sheepshead.

**Response**: Debtor objects to this request as it is vague, ambiguous, overly broad and unduly burdensome. Debtor further objects to this Interrogatory to the extent that it requests information not relevant to the subject matter of this chapter 11 proceeding and that it is not reasonably calculated to lead to the discovery of admissible evidence.

## CONCLUSION

Metropolitan respectfully requests that this Court enter an order compelling production of documents and responses that are responsive to Metropolitan's discovery requests. As is evidenced by the small sample size of interrogatories and document requests contained herein, the debtor is evasive, not fully disclosing information concerning its pre-petition behavior and activity. Specifically, and most importantly to the successful reorganization of the debtor, Metropolitan seeks information concerning pre-petition expenditures and communications. As the proposed plan suggests keeping the same principals involved in the management of a reorganized debtor, this is highly suspect. The production of this information would better inform creditors, as well as this Court, whether the debtor is putting for, in good faith, a plan with a reasonable chance of success.

Dated: Brooklyn, New York
     June 26, 2013

                                       Alla Kachan, Esq.
                                       Law Offices of Alla Kachan
                                       Attorney for Creditors Albert Wilk d/b/a
                                       WILK RE, Alex Dikman, and
                                       Metropolitan Estates, Inc.

415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

**EMMONS-SHEEPSHEAD BAY DEVELOPMENT, LLC**

**Chapter 11**
**Case No. 12-46321**

------------------------------------------------------------x

## AFFIRMATION OF ALLA KACHAN IN SUPPORT OF MOTION TO COMPEL A RESPONSE TO DISCOVERY REQUESTS

**Alla Kachan, Esq.** as counsel for Metropolitan Estates and Wilk Re (hereinafter Metropolitan) hereby affirms the following:

1) I am the attorney for Metropolitan and have compiled and served on the Debtor's attorneys certain discovery and interrogatory demands.

2) The Debtors have provided deficient, inadequate and evasive responses to said demands.

3) The Debtors have also failed to respond to the additional demand for documents and information concerning a certain closing of a unit for which the true full amount of the sales seems to have been higher than that which was disclosed on the closing statement and the closing "deal sheet".

4) For the foregoing reasons, I respectfully posit that the production of the documents requested is crucial to the resolution of Metropolitan's claims and therefore respectfully request that the Debtor be compelled to be responsive to said production of documents and interrogatory requests.

Dated: June 26, 2013
Brooklyn, New York

Alla Kachan