UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

**EMMONS-SHEEPSHEAD BAY**  Confirmed Chapter 11
**DEVELOPMENT, LLC,**

Case No. 12-46321 (ESS)

Debtor.
-------------------------------------------------------------X

## APPLICATION FOR ORDER IN FURTHERANCE OF
## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

TO:   THE HONORABLE ELIZABETH S. STONG,
      UNITED STATES BANKRUPTCY JUDGE:

**Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("RBL"), counsel for **Emmons-Sheepshead Bay Development LLC**, the confirmed chapter 11 debtor ("ESB" or the "Reorganized Debtor"), and on behalf of the Plan Administrator and Post Effective Date Disbursing Agent, Jeffrey M. Schwartz, Esq., seeks the entry of an order in aid of enforcement of the Plan pursuant to §1142 of title 11 of the United States Code (the "Bankruptcy Code") and Section 10.1 of the Second Amended Plan of Reorganization of Emmons-Sheepshead Bay Development LLC (the "Plan").  In support thereof, the applicant states:

1.      On August 30, 2012 (the "Petition Date") ESB filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  As at the Petition Date, ESB was the owner of the real property located at 3112-3144 Emmons Avenue, Brooklyn, New York (the "Property") and the sponsor of the condominium development at the Property known as The Breakers at Sheepshead Bay Condominium.  ESB's second amended plan of reorganization (the "Plan") was filed on April 5, 2013 and confirmed by order entered on July 8, 2013 (the "Confirmation Order").

2. The Property was originally owned by Emmons Avenue LLC, an affiliate of ESB. Emmons Avenue LLC and ESB were parties to a lease dated December 29, 2004, which provided ESB with an option to purchase the Property. Pursuant to ACRIS records, the lease and memorandum of lease were terminated and the Property conveyed to ESB in 2008. Both Emmons Avenue LLC and ESB were obligated on the various loans extended by TD Bank, N.A. ("TD") in connection with the acquisition, construction and development of the condominium project.

3. TD was ESB's secured lender as of the Petition Date and the plaintiff in a series of litigations against, amongst other defendants, Emmons Avenue LLC and ESB in connection with the various loans that were extended for the acquisition and construction of the Property. On or about October 16, 2012, TD assigned its various mortgages and related loan documents to SDF17 Emmons LLC ("SDF"). Pursuant to the terms of the Plan, SDF agreed to reduce and fix the principal amount of its secured claim from $33,094,638.97 to $28,000,000.

4. ESB's Plan and Second Amended Disclosure Statement for Second Amended Plan of Reorganization (the "Disclosure Statement") provided for the equity interests in ESB to be canceled upon the Effective Date of the Plan with equity in the Reorganized Debtor to be issued to and held by a plan administrator who would also be the disbursing agent subsequent to the Effective Date (See Sections 7.4 and 8.1 of the Plan). The Disbursing Agent is charged with, amongst other responsibilities, making required Plan payments and distributions, and, in accordance with the provisions of Section 8.1 of the Plan, is deemed to be an officer of the Debtor with full authority to sign checks on any bank account of the Debtor to the extent necessary to make any payment or distribution contemplated by the Plan.

5.      The Plan at Section 10.1 provides:

10.1    **Orders in Aid of Consummation.**  Pursuant to Sections 105, 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter one or more Orders in aid of Confirmation directing the implementation of matters or actions required by the Plan.

6.      Section 1142(a) of the Bankruptcy Code provides that:

Notwithstanding any otherwise applicable nonbankruptcy law, rule or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.

7.      The Plan at Section 9.2 provides:

9.2     **Limitation of Liability**.  Neither the Debtor, nor any of its respective members, officers, directors, or employees (acting in such capacity) nor any professional person employed by any of them, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan, except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts.    Nothing in this Section 8.2 shall limit the liability of the Debtor's professionals pursuant to Rule 1.8 (h)(1) of the New York State Rules of Professional Conduct. Nothing in the Plan or the confirmation order shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local

authority against the Debtor, or any of its respective members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns (the "Released Parties"), nor shall anything in the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the Released Parties referred to herein for any liability whatever, including without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority, nor shall anything in this Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Released Parties referred to herein.

8.  The language set forth in Section 9.2 does not explicitly reference the Plan Administrator or the Disbursing Agent.  Rather, the limitation of liability section references "the Debtor and its respective members, officers, directors, or employees (acting in such capacity) nor any professional person employed by any of them..."  It is submitted that, upon his appointment, the Plan Administrator is a member and/or employee of the Reorganized Debtor and that the Plan specifically deems the Disbursing Agent to be an officer of the debtor and therefore this Section 9.2 Limitation of Liability provision contained in the Plan extends to the Plan Administrator and Disbursing Agent.  Further, as the Plan Administrator is the fiduciary charged with implementing the Plan, and the individual designated as the post Effective Date Disbursing Agent, the limitation of liability provisions of the Plan were intended to and the Reorganized Debtor submits should extend to the Plan Administrator and the Disbursing Agent.  However, as the

Plan Administrator and Disbursing Agent are not explicitly named in this Section 9.2 of the Plan, out of an excess of caution, and to clarify the provisions of the Plan, the Reoganized Debtor requests that an order in aid of confirmation be entered confirming that the limitation of liability provisions set forth in Section 9.2 of the Plan extend to the Plan Administrator and the Disbursing Agent.

9. The retention of jurisdiction provisions of the Plan at Section 11.1, specifically at sections 11.1(j) and (m) provide the Court with the ability to enter the requested order.

10. The Reorganized Debtor submits that the request to clarify the language of the Plan does not alter the Plan as confirmed, does not alter creditor treatment under the Plan and does not alter the transactions contemplated by the Plan and does not improperly extend the intended scope or effect of the limitation of liability provisions beyond the intended released parties. The Reorganized Debtor further submits that §1142 of the Bankruptcy Code empowers the Court with the ability to enter the requested order. The Reorganized Debtor therefore requests that the Court enter an order in aid of confirmation to clarify that the limitation of liability provisions of Section 9.2 of the Plan include the Plan Administrator and Disbursing Agent and for such other relief as this court deems just and proper.

      **WHEREFORE**, the Reorganized Debtor seeks the entry of an order in aid of confirmation of the Plan that clarifies that the Limitation of Liability provision of the Plan at Section 9.2 includes the Plan Administrator and the Disbursing Agent and for such other relief as the Court deems proper.

Dated: New York, New York  
      December 23, 2013

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
Attorneys for the Debtor
875 Third Avenue
New York, New York 10022
(212) 603-6300

By: /s/ A. Mitchell Greene
      A. Mitchell Greene